[Civ. No. 23707. Second Dist., Div. Two. Feb. 1, 1960.]

LIBERTY BUILDING COMPANY (a Corporation), Appellant, v. ROYAL INDEMNITY COMPANY (a Corporation), Respondent.

584

Samuel A. Miller and David M. Turner for Appellant.

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Respondent.

FOX, P. J.—Plaintiff seeks to recover on a products liability insurance policy. A general demurrer was sustained with leave to amend, to each cause of action in plaintiff's amended

complaint but plaintiff declined to further amend. As a consequence, a judgment of dismissal was duly entered from which plaintiff appeals.

Plaintiff is a subdivider and building contractor. At all times relevant to this action, plaintiff was covered by a products liability insurance policy issued by defendant Royal Indemnity Company. Plaintiff constructed a large number of dwelling houses upon its own property, which were sold prior to completion. After the buyers took possession, many of the houses developed defects in the outside stucco walls. The buyers then brought suit (or made claims) against plaintiff alleging breach of warranty, and plaintiff gave notice to defendant to defend the suits. Defendant refused to defend and plaintiff settled the claims out of court. Plaintiff thereupon brought this action to recover the costs of defense and compromise and also to recover the amounts paid in settlement of the buyers' claims.

Plaintiff's amended complaint is framed in two separate causes of action. After pleading the policy of insurance, the first cause of action is in substance as follows:

That the plaintiff constructed and sold the subject dwellings and that after completion, the outer stucco covering became cracked, discolored and flaked away; that the property owners brought suit or lodged claims against plaintiff; that defendant refused to defend the suits; that plaintiff settled the claims upon advice of counsel that the claimants had substantial evidence that the defects in the stucco were due to an improper mixture which allowed water absorption into the stucco; that plaintiff was therefore justified in settling; and, that defendant refused to pay the amounts incurred in settlement and defense of the claims.

The crux of the purchasers' claims against plaintiff is found in paragraph XII of its first cause of action which reads, in part, as follows: "That the third cause of action alleged in said Complaint so filed and maintained against plaintiff herein was founded upon the grounds: that plaintiff had, as a matter of law, impliedly warranted to said 'Suing Purchasers', and each of them that, among other things, upon the completion of the Dwelling Unit purchased by each said 'Suing Purchaser', the exterior stucco thereof would and did conform, as to mix and application, to the standards and requirements provided by law, and that such Dwelling Unit had been and would be constructed in conformity with good building practices as practiced within the County of

Los Angeles and were of good quality; and that plaintiff had breached its said implied warranties."

The second cause of action alleges all the material parts of the first cause but added that the damage to the stucco was caused by a high concentration of salt in the soil which was dissolved by water and absorbed into the stucco by capillary action.

The pertinent provisions of the insurance policy are as follows: Defendant is obligated under Coverage C to pay ". . . on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident." The policy includes liability arising out of the "products hazard" which is defined under Conditions 3(f),(1) as "the handling or use of, the existence of any condition in or warranty of goods or products manufactured, sold, handled or distributed by the named insured . . . if the accident occurs after the insured has relinquished possession thereof to others and away from premises owned, rented or controlled by the insured . . ." However, the above coverage is limited by the exclusion. Exclusion (f) reads: "This policy does not apply: (f) under coverage C, to injury to or destruction of . . . (3) any goods or products manufactured, sold, handled or distributed or premises alienated by the named insured, or work completed by or for the named insured, *out of which the accident arises.*" (Emphasis added.) The insurer is required under paragraph II (a) to "defend any suit against the insured alleging such injury . . . or destruction and seeking damages on account thereof, *even if such suit is groundless, false or fraudulent; . . .*" (Emphasis added.)

Plaintiff urges on appeal (1) that the complaints filed in the prior actions stated a claim of liability covered by the policy under Coverage C and that therefore defendant was bound to defend the suits, and (2) that the damage to the stucco was not excluded under Exclusion (f) since the cause of the damage was not a defect in the stucco, but rather was a defect in the soil upon which the buildings were built.

We have concluded that defendant's general demurrer was properly sustained as to each cause of action. In arriving at this conclusion, we have examined the amended complaint both as to its claim for damages for refusal to defend the prior suits and as to its claim that defendant is liable under the policy for the amounts paid in settlement.

It is true that defendant was bound to defend actions brought against plaintiff alleging liability under Coverage C even if the suits be "groundless, false or fraudulent." However, if the liability alleged by the complaints was excluded under Exclusion (f), defendant had no duty to defend. Thus the obligation to defend is measured by comparing the terms of the insurance policy with the pleadings of the claimants who sued plaintiff. (*Ritchie* v. *Anchor Casualty Co.*, 135 Cal.App. 2d 245, 250 [286 P.2d 1000] ; *Remmer* v. *Glens Falls Indemnity Co.*, 140 Cal.App.2d 84, 90 [295 P.2d 19, 57 A.L.R.2d 1379] ; *Lamb* v. *Belt Casualty Co.*, 3 Cal.App.2d 624, 630 [40 P.2d 311].) The complaints in the prior actions pleaded a breach of implied warranty in the construction of the buildings in that the stucco was improperly mixed or applied. (See paragraph XII of plaintiff's amended complaint, *supra*.) This breach was assigned as the *cause* of the damage to the stucco, and defendant argues that such damage is excluded under the policy. In this connection, Exclusion (f) expressly excludes from liability under the policy, damage sustained by any "goods or products . . . or premises alienated . . . or work completed . . . *out of which the accident arises*." (Emphasis added.) ▮▮▮ This Exclusion means that if the insured becomes liable to replace or repair any "goods or products" or "premises alienated" or "work completed" after the same has caused an accident because of a defective condition, the cost of such replacement or repair is not recoverable under the policy. However, if the accident also caused damage to some *other* property or caused personal injury, the insured's liability for such damage or injury becomes a liability of the insurer under the policy, and is not excluded. For example, if a contractor builds a house and as a result of an improper mixture of the stucco, water is absorbed into the walls and the stucco cracks and falls off and a child is injured by the falling stucco, the injury to the child would not be excluded under Exclusion (f) but the replacement cost of the stucco would be excluded. Also, if the water absorbed into the walls should reach the interior walls and injure a valuable painting hanging there, the damage to the painting would be recoverable under the policy while the damage to the walls would not. The principle here applicable is well stated in *Heyward* v. *American Casualty Company of Reading, Pa.*, 129 F.Supp. 4. At page 8 the court said: "This Exclusion means that the policy will not protect the insured if he has to repair or replace some product or work which proved defective and

caused an accident. The Exclusion has no reference to liability for damage to *other property* or *personal injury* arising out of such accident." In accord are *Volf* v. *Ocean Accident & Guarantee Corp., Ltd.*, 50 Cal.2d 373 [325 P.2d 987]; *Geddes & Smith, Inc.* v. *St. Paul Mercury Indemnity Co.*, 51 Cal.2d 558 [334 P.2d 881].

 The plaintiff's first cause of action and the complaints filed by the suing purchasers in the prior suits alleged a factual situation which is excluded under the above rule from the coverage of the policy. The stucco was alleged to have been damaged, not by any external cause, but by an *internal defect*. Thus, the stucco was the "goods or product . . . or premises alienated . . . or work completed . . . out of which the accident" arose. Hence there was no liability under the policy. (*Volf* v. *Ocean Accident & Guarantee Corp., Ltd., supra.*)

Since, under the rule of the *Ritchie* case, *supra*, defendant was not obligated to look beyond the specific liability alleged in the complaints and since that liability was expressly excluded by Exclusion (f) of the policy, defendant had no duty to defend the suits. For these reasons, the demurrer to the first cause of action was properly sustained.

 We come now to a consideration of the second cause of action. Plaintiff alleges therein that the cause of the damage to the stucco was not a defect in the stucco, but rather was a defect in the soil upon which the houses were built. This defect, plaintiff alleges, was a high concentration of water soluble salts, which, when carried into the stucco walls by capillary action, resulted in damage to the stucco. Based on this allegation, plaintiff argues that damage to the stucco was not excluded under Exclusion (f) of the policy since that damage resulted from an independent source, i.e., the soil. It is not necessary to discuss the merits of this contention for the reason that plaintiff, by its allegations in the second cause of action, has utterly failed to show any basis of liability on its part for the damage to the homes which it built. Counsel for defendant aptly describes the allegations of the second cause of action as constituting a "good defense" to the claims of the suing purchasers.

In its brief, plaintiff says that one who sells or contracts for the sale of a house during the course of construction assumes a dual relationship: (1) "a vendor of realty," and (2) "a building contractor." It is then argued that there is an implied warranty where the house is sold in the course of

construction. But in the very nature of the seller's position as "a building contractor" its implied warranty necessarily relates to its performance in that capacity such as the quality of the materials used and the character of the work performed. Plaintiff's second cause of action is not based upon the theory that it violated its obligations as a building contractor but instead that the damage was caused by a high concentration of water soluble salts in the soil. Thus the cause of the damage was the condition of the land. But, as plaintiff's authorities show, there are no implied warranties in the sale of land. (Civ. Code, § 1113.) Williston states the rule in this language: ". . . there can be no warranty of quality or condition implied in the sale of real estate. . . ." (Williston on Contracts, § 926.) This is in harmony with the statutory rule in this state. Section 1113, Civil Code, provides, in substance, that the grantor warrants: (1) that he has not previously conveyed any interest in the estate to another; and (2) that there are no encumbrances on the estate created by him or his privies. There are no other implied covenants in the sale of land. (Civ. Code, § 1113.) It follows that there was no implied warranty as to the condition of the soil that plaintiff sold to the suing purchasers. Since plaintiff's second cause of action is based upon the allegation that the damage to the stucco was caused by a deleterious condition of the soil and since there was no implied warranty as to its condition, plaintiff incurred no liability for damage assertedly arising therefrom. Under the terms of the policy (Coverage C) defendant was only obligated to pay on behalf of the insured (plaintiff) "all sums which the insured shall become *legally obligated* to pay as damages . . ." (Emphasis added.) Therefore, since plaintiff was not liable for damages caused by the condition of the soil, it follows that there could be no liability under the policy on account thereof. Hence the second cause of action failed to state any basis for recovery.

Since the damage to the stucco as pleaded in the first cause of action was excluded by Exclusion (f) of the policy and since plaintiff has failed to show any liability under the second cause of action, the demurrer to the amended complaint was properly sustained.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 30, 1960.