[Civ. No. 25645. Second Dist., Div. Three. May 22, 1962.]

DIANE L. GUSTAFSON et al., Plaintiffs and Respondents, v. DUNMAN, INC., et al., Defendants and Appellants.

Thorpe, Sullivan, Clinnin & Workman and John G. Thorpe for Defendants and Appellants.

Overton, Lyman & Prince and Arthur D. Guy, Jr., for Plaintiffs and Respondents.

SHINN, P. J.—Defendant Dunman, Inc., a corporation, erroneously sued herein as Dunham, Inc., appeals from a judgment in favor of plaintiffs for alleged breach of warranty in the sale to them of a residence constructed on a city lot. The appeal is upon the judgment roll and other records, exclusive of oral proceedings. There is also an appeal by defendant Brown, who had judgment of nonsuit, from an order respecting costs awarded to him. Other individual defendants prevailed and are not parties to the appeal.

The facts as found were that Dunman, Inc., had purchased the lot from one Steinkamp, who had graded it for residential use by cutting down a part of the lot and creating upon part of it a fill which was not compacted. In the course of construction of a house by Dunman the property was sold to plaintiffs. The house was located partly on the filled ground, which fact was known to Dunman, although he did not know that the fill had not been compacted. Plaintiffs had no knowledge that a fill existed on the building site. The part of the fill upon which the house partially rested sank, resulting in the settling of a part of the building. The court found that plaintiffs before making their purchase made no inspection of the ground upon which the building rested and that none of the defendants was guilty of negligence or fraud.

The complaint was in three causes of action. The first cause of action sounded in fraud and alleged false representations and concealment with respect to the condition of the soil and the compaction of the fill. The second cause of action incorporated the first cause of action and accused the defendants of negligence in the construction of the building upon filled land. The third cause of action incorporated the first cause of action and alleged that defendants agreed to sell plaintiffs a parcel of real property which would support a residential building thereon, which they failed to do. In the pretrial proceedings plaintiffs waived any claim of fraud, apparently

relied upon their claim of negligence, and regarded their third cause of action as one for breach of warranty.

Upon the appeal plaintiffs assert no claim under their cause of action for negligence in the construction of the building or in the sale of the property. They rely solely upon their third cause of action and their theory of breach of warranty.

Plaintiffs contend they are not asserting the existence of a warranty with respect to the condition of the soil but a warranty that the house which was built was suitable for use as a residence. Therefore, the question is—was there a warranty that the house was not built, in part, upon filled ground.

Dunman's first contention on the appeal is that in a transfer of real property there is no implied warranty of the condition of the land. Reliance is placed upon *Liberty Bldg. Co.* v. *Royal Indem. Co.*, 177 Cal.App.2d 583 [2 Cal.Rptr. 329]. Liberty had built and sold houses which developed defects in the stucco and plaster. Actions for damages had been brought and claims asserted by the purchasers and these had been settled by Liberty. Liberty's action against Royal was upon a policy of insurance for the recovery of the amounts paid in settlement of the suits and the claims of the purchasers. It was incumbent upon Liberty to prove that it had a liability to the purchasers to settle their claims, and also that the liability was one covered by Royal's policy.

Liberty's complaint against Royal was in two causes of action. In the first it was alleged that the purchasers of the houses brought suit and made claims against Liberty on two separate theories, separately stated. In one cause of action it was alleged that the exterior stucco used on the houses had been improperly mixed and used in violation of standard building practice and that it deteriorated and had to be replaced. In a second cause of action the purchasers alleged that the deterioration of the plaster was caused by excessive concentration of salts in the soil, which were dissolved by water and absorbed into the stucco.

The trial court had sustained Royal's demurrer to the first cause of action upon the ground that the policy did not indemnify Liberty against loss occasioned by defective work, such as the cost of repairs and replacements. This ruling was affirmed on appeal.

The trial court had also sustained Royal's demurrer to the second cause of action upon the ground that Liberty was under no liability to the purchasers for breach of warranty of the condition of the soil, for the reason that no warranty is

implied of the condition of the soil in a conveyance of land. This ruling was approved on appeal and a judgment in favor of Royal was affirmed.

The question here is essentially the same as in *Liberty*. Plaintiffs Gustafson do not now claim there was any defect in the construction of the house itself, by Dunman, but that the sole cause of the injury to the house was the unstable condition of the soil. In *Liberty*, the final question was whether Liberty had liability to the purchasers of its houses for deterioration of the stucco and plaster due to the intrusion of soluble salts from the soil, which the purchasers claimed constituted a breach of implied warranty. The court said: "Thus the cause of the damage was the condition of the land. But, as plaintiff's authorities show, there are no implied warranties in the sale of land. (Civ. Code, § 1113.) Williston states the rule in this language: '. . . there can be no warranty of quality or condition implied in the sale of real estate. . . .' (Williston on Contracts, § 926.) This is in harmony with the statutory rule in this state. Section 1113, Civil Code, provides, in substance, that the grantor warrants: (1) that he has not previously conveyed any interest in the estate to another; and (2) that there are no encumbrances on the estate created by him or his privies. There are no other implied covenants in the sale of land. (Civ. Code, § 1113.) It follows that there was no implied warranty as to the condition of the soil that plaintiff sold to the suing purchasers. Since plaintiff's second cause of action is based upon the allegation that the damage to the stucco was caused by a deleterious condition of the soil and since there was no implied warranty as to its condition, plaintiff incurred no liability for damage assertedly arising therefrom. . . . Therefore, since plaintiff was not liable for damages caused by the condition of the soil, it follows that there could be no liability under the policy on account thereof." (P. 589.)

Plaintiffs have referred us to a number of cases in which it was held that the failure of a grantor to disclose the fact that the land sold was partly filled, which fact was known to him and not known to the grantee, will sustain an action for fraud. It is apparently their contention that if defendants were chargeable with fraud they should also be chargeable with breach of warranty. It is an untenable contention. The two theories of liability were pleaded by plaintiffs; they abandoned their cause of action for fraud and elected to rely upon the alleged warranty. The causes of

action are entirely independent. Fraud is not an element of a liability for breach of warranty, which is based upon breach of contract. ▇▇▇ The fact that the evidence might have warranted a finding of fraud is of no avail to plaintiffs. When they failed to establish an implied warranty their entire case failed.

▇▇▇ There were four individual defendants, Dunman, Pleman, Brown and Steinkamp (sued as Doe I). Pleman and Dunman filed a cost bill for $53.85 (being half of $107.70 shared by four defendants). By his cost bill Brown sought $26.92 (being one-fourth of $107.70) and he also claimed $206.78, the cost of the deposition of Altmeyer and $165.40, the cost of the deposition of Herbert Wagner. The court allowed costs to Brown in the amount of $119.97, being his share of the amount $107.70, plus one-fourth of the cost of the depositions.

Since it was not shown that Brown was not united in interest with other defendants and that he had made a separate defense by separate answer (Code Civ. Proc., § 1032, subd. (b)) the costs could be apportioned in the discretion of the court among the parties "on the same or adverse sides" (Code Civ. Proc., § 1032, subd. (c)).

The effect of the court's order was to deprive Brown of three-fourths of the cost of the depositions which he alone had taken and paid for. Although the court had discretion to apportion the costs they clearly should not have been so apportioned as to deprive Brown of the costs to which he was entitled to recover from plaintiffs. It was error not to allow him the full cost of the depositions.

The judgment as between plaintiffs and Dunman, Inc., is reversed. As between plaintiffs and appellant Brown, the order is modified so as to award Brown costs in the amount of $399.10, and as modified is affirmed as to Brown.

Ford, J., and Files, J., concurred.