179 So.2d 496 (1965)
VOBILL HOMES, INC., Third-Party Plaintiff-Appellant,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Third-Party Defendant-Appellee.
No. 1539.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1965.
Rehearing Denied November 17, 1965.
Writ Refused January 17, 1966.
Gold, Hall & Skye, by William E. Skye, Alexandria, for third-party plaintiff-appellant.
Gist, Gist, Methvin & Trimble, by Howard B. Gist, Jr., Alexandria, for thirdparty defendant-appellee.
McLure & Ford, by William M. Ford, Alexandria, for plaintiff-appellee.
Before TATE, SAVOY, and HOOD, J.
TATE, Judge.
This is an appeal by a third-party plaintiff ("Vobill") from the dismissal of its third-party demand against its insurer ("Hartford").
The principal question is whether the damages sought against Vobill by the principal demand of the original plaintiff Birge are within the coverage of a "Manufacturer's and Contractor's Liability Policy" issued by Hartford to Vobill. By its thirdparty demand impleading Hartford, Vobill contends that Hartford is obligated under its policy to defend the principal suit and to pay over to Vobill any sums for which Vobill may be held liable to the original plaintiff Birge.
The trial court held that the Hartford policy did not provide protection against recovery of such damages. It therefore sustained Hartford's motion for summary judgment and dismissed Vobill's third-party demand.
The principal demand by Birge against Vobill seeks recovery for defects in a house constructed by Vobill for Birge. Pertinently, these defects (such as a defective or insufficient slab foundation) are alleged to have resulted from negligent acts or omissions *497 on the part of Vobill when it constructed the home. These defects became apparent after Vobill had turned over the house to Birge.
In urging that Hartford's policy provides coverage for Vobill against claims such as that made by Birge, Vobill principally relies upon policy provisions whereby Hartford had agreed "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property * * * caused by accident and arising out of the [policy-defined] hazards" (Coverage B), including those arising out of the hazard of "Goods or products manufactured * * * by the named insured * * *, if the accident occurs after possession of such goods or products has been relinquished to others by the named insured * * *" (Definition of Hazards, "ProductsCompleted Operations", Division 4-1).
In denying coverage for the damages claimed by Birge's suit against Vobill, Hartford contends that liability for the type of damages claimed by Birge is specifically excluded under Exclusion (j) (4) of the policy. Pertinently, this clause excludes "injury to * * * any goods, products or containers thereof, manufactured, sold, handled or distributed or premises alienated by the named insured, or work completed by or for the named insured, out of which the accident arises * * *."
The damages sought from Vobill by Birge are the cost of repairing defects in the house constructed by Vobill pursuant to its contract with Birge. These defects are alleged to have resulted through faulty construction on the part of Vobill.
We agree with Hartford that the exclusion clause in question unambiguously excludes property damage "to * * * goods, [or] products * * *, manufactured, [or] sold * * *, or work completed by or for the named insured,"such as the injury to the house "manufactured" or "completed" by Vobill, the present insured. (This is subject to the qualification, which has no application here, that excluded by the clause are only injuries to a workproduct "out of which the accident arises.[1]")
For this reason, it has uniformly been held that a liability policy with an exclusion clause such as the present does not insure any obligation of the policyholder to repair or replace his own defective work or defective product. Kendall Plumbing, Inc. v. St. Paul Mercury Insurance Co., 189 Kan. 528, 370 P.2d 396 (1962); Volf v. Ocean Accident & Guarantee Corp., 50 Cal.2d 373, 325 P.2d 987 (1958); Liberty Building Co. v. Royal Indemnity Co., 177 Cal.App.2d 583, 2 Cal.Rptr. 329 (1960). See also 12 Couch on Insurance 2d 44:464 (1964); 7A Appleman, Insurance Law and Practice, Section 4508 (1962 revision).
The interpretation to this effect of the exclusion clause has also consistently been recognized by other decisions which did allow coverage for damages to other property or for other accidental loss resulting from the defective condition of the work-product (even though recovery for the injury to the work-product itself was excluded by the clause in question). Geddes & Smith, Inc. v. St. Paul-Mercury Indemnity Co., 51 Cal. 2d 558, 334 P.2d 881 (1959); Hauenstein v. St. Paul-Mercury Indemnity Co., 242 Minn. 354, 65 N.W.2d 122 (1954); Bundy Tubing Co. v. Royal Indemnity Co., 6 Cir., 298 F.2d *498 151 (1962); Pittsburgh Plate Glass Co. v. Fidelity & Casualty Co., 3 Cir., 281 F.2d 538 (1960); Heyward v. American Cas. Co., E.D.S.C., 129 F.Supp. 4 (1955).
In contending to the contrary, Vobill relies only upon Kendrick v. Mason, 234 La. 271, 99 So.2d 108; Poynter v. Fidelity & Casualty Company of New York, La.App. 3 Cir., 140 So.2d 42, and Swillie v. General Motors Corporation, La.App. 3 Cir., 133 So.2d 813. In all of these cases, coverage was recognized for personal injuries or damage to property other than work completed by the insured, where the loss was caused by products sold or work performed by the insured. None of these cases concerned damages sought for injury to the insured's work-product itself, so that in none of these decisions was there at issue the "products exclusion" clause which is the basis of the present insurer's defense. The cited decisions are therefore not apposite to the question now before this court.
In the present suit, the house-defects for which recovery is sought by Vobill's customer fall squarely within the risk specifically excluded from coverage under the policy issued to Vobill by the insurer Hartford herein, which excluded from coverage any injury to the work-product itself by reason of its own defectiveness. The trial court correctly held that Hartford's policy did not insure Vobill against the loss sued for.
Alternatively, Vobill urges that the motion for summary judgment should have been denied because there are issues of fact concerning whether Hartford is estopped to deny coverage for this type of damages, and whether the policy should be revised and reformed so as to conform with the alleged true intentions of the parties in this respect.
According to the allegations and an affidavit, these contentions are based (a) upon the assurance of Hartford's agent after the present claim was made against Vobill that there was coverage for it and (b) upon Vobill's general request to Hartford's agent for "complete liability coverage" prior to issuance of the policy, and the impression (without specific discussion to this effect) that such coverage included protection against liability for damages such as sought by the present suit. An uncontradicted affidavit by one of Hartford's managerial employees states that no insurance policy issued by Hartford or other companies protects an insured against damage to the insured's own work-product by reason of poor workmanship or other fault on the part of the insured himself.
Of course, the agent's assurance of coverage after the accident cannot be the basis of an estoppel of Hartford to deny coverage, since there was no detrimental reliance. American Surety Co. of New York v. Fowler, La.App. 3 Cir., 135 So.2d 663. Nor are we cited to any authority in support of the proposition that a policy should be reformed because of some general impression that coverage would include some particular type of risk not specifically discussed with the agent before the policy was issued or the loss occurred, see Volf decision previously cited at 325 P.2d 989.
We conclude that the trial court correctly sustained Hartford's motion for summary judgment and dismissed Vobill's third-party demand against it. For the reasons assigned, the judgment dismissing Vobill's claim is affirmed, at its cost.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] The seeming intent of this qualification is to have the exclusion clause apply only where the insured's product is itself the cause of the accidental losswhere the work-product itself "has caused an accident because of a defective condition," Liberty Building Co. v. Royal Indemnity Co., cited in the following text, at 2 Cal. Rptr. 331. We are not here concerned with some accidental cause of damage to the insured's work-product other than the defect in the product itself. We will therefore make no further reference to this limitation of the effect of the exclusion clause.