248 So.2d 626 (1971)
Durel FRANKS, Plaintiff-Appellant,
v.
Ulysse J. GUILLOTTE d/b/a Guillotte's Auto Repair et al., Defendants-Appellees.
No. 3406.
Court of Appeal of Louisiana, Third Circuit.
May 28, 1971.
*627 Bean & Rush, Lafayette, for plaintiff-appellant; Warren D. Rush, Lafayette, of counsel.
Davidson, Meaux, Onebane & Donohoe, by Richard C. Meaux, William E. Logan, Pugh & Boudreaux, Lafayette, for defendants-appellees.
Before SAVOY, HOOD and MILLER, JJ.
MILLER, Judge.
This is a suit for damages by Durel Franks against Ulysse J. Guillotte, d/b/a Guillotte's Auto Repair, for damages sustained to two trucks as a result of allegedly defective repair work performed by Guillotte. Traders and General Insurance Company issued a garage liability insurance policy to Guillotte and was made defendant in the suit. Traders and General filed a motion for summary judgment based upon certain exclusionary clauses in the policy, and the motion was sustained. Plaintiff appeals from that judgment.
The sole issue on this appeal is whether the damages sought by plaintiff are within the coverage provisions of the comprehensive automobile garage liability policy issued by Traders and General to Guillotte.
In his demand plaintiff seeks damages sustained as a result of allegedly improper mechanical work performed on two of his trucks by Guillotte. On one truck the engine was overhauled and in the process the filterhead, which is attached to the oil filter by bolts, was removed. After the work was completed the filterhead was replaced. Plaintiff alleges that the filterhead bolts were not properly tightened resulting in a crack which permitted oil to escape from the engine overheating it and causing damages to the engine. Plaintiff alleges that in the second instance Guillotte improperly installed "O" rings on the liners in the engine of the second truck, which "O" rings had to be reinstalled with related work at a substantial cost for the replacement.
In denying coverage Traders and General contends that the damages claimed by plaintiff are specifically excluded under exclusions A(6) and A(7) of the policy. The pertinent provisions of the policy read:
"A. Hazards Defined.
Garage Operations Hazard
The ownership, maintenance or use of the premises for the purposes of a garage, and all operations necessary or incidental thereto, hereinafter called "garage operations"; including
Automobiles Not Owned or Hired Hazard
The use in connection with garage operations of any automobile which is neither owned nor hired by the named insured, a partner therein or a member of the same household as any such person.
The foregoing definitions do not include:
(6) Injury to or destruction of any goods, products or containers thereof manufactured, sold, handled or distributed by the named insured in the course of garage operations if such *628 injury or destruction results from a condition existing therein at the time possession of such goods, products or containers is relinquished to the purchaser thereof;
(7) Injury to or destruction of premises alienated by the named insured or work completed by or for the named insured, out of which the accident arises."
In Vobill Homes, Inc. v. Hartford Accident & Indemnity Co., 179 So.2d 496 (1965) this Court was presented with a similar question concerning the interpretation of a policy of Manufacturers and Contractors Liability Insurance issued to a building contractor. The principal demand sought recovery for defects in a house constructed by defendant contractor which defects were alleged to have resulted from faulty construction. The exclusion clause in that policy excluded "Injury to * * * any goods, products or containers thereof, manufactured, sold, handled or distributed * * [or] premises alienated by the named insured or work completed by or for the named insured, out of which the accident arises * * *."
In the Vobill Homes case we held that the exclusion clause in question unambiguously excludes:
"* * * property damage `to * * * goods, (or) products * * *, manufactured, (or) sold * * *, or work completed by or for the named insured,' such as the injury to the house `manufactured' or `completed' by Vobill, the present insured. (This is subject to the qualifications, which has no application here, that excluded by the clause are only injuries to a work-product `out of which the accident arises.1')
For this reason, it has uniformly been held that a liability policy with an exclusion clause such as the present does not insure any obligation of the policyholder to repair or replace his own defective work or defective product. Kendall Plumbing, Inc. v. St. Paul Mercury Insurance Co., 189 Kan. 528, 370 P.2d 396 (1962); Volf v. Ocean Accident & Guarantee Corp., 50 Cal.2d 373, 325 P.2d 987 (1958); Liberty Building Co. v. Royal Indemnity Co., 177 Cal.App.2d 583, 2 Cal.Rptr. 329 (1960). See also 12 Couch on Insurance 2d 44:464 (1964); 7A Appleman, Insurance Law and Practice, Section 4508 (1962 revision).
The interpretation to this effect of the exclusion clause has also consistently been recognized by other decisions which did allow coverage for damages to other property or for other accidental loss resulting from the defective condition of the work-product (even though recovery for the injury to the work-product itself was excluded by the clause in question). * * *" (emphasis added) 179 So.2d 498
Our reasoning in the Vobill case is equally applicable here. The alleged losses which occurred are the result of the defective work product of the insured; i. e., improper mechanical work. If the losses had occurred while the insured was performing the actual work of the business for which he had purchased coverage, liability would have been afforded under the policy. However, in this instance the alleged losses occurred after the completion of the mechanical work by Guillotte, and, under the unambiguous terms of the policy, coverage was excluded at the moment the work was completed. See also Ketona Chemical Corporation v. Globe Indemnity Company, 404 F.2d 181 (5 Cir. 1968); Green v. Aetna Insurance Company, 397 F.2d 614 (5 Cir. 1968); and New Amsterdam Casualty Co. v. Ellzey, 240 F.2d 618 (5 Cir. 1957).
For the foregoing reasons, the judgment appealed is affirmed at appellant's cost.
Affirmed.