**SOUTHWEST FOREST INDUSTRIES, INC., Appellant,**

v.

**POLE BUILDINGS, INC. and Hartford Accident & Indemnity Co., Appellees.**

No. 71–1816.

United States Court of Appeals, Ninth Circuit.

May 7, 1973.

Rehearing Denied June 25, 1973.

Calvin H. Udall (argued), Stephen S. Case, Fennemore, Craig, Von Ammon & Udall, Phoenix, Ariz., for appellant.

Warren E. Platt (argued), Snell & Wilmer, Phoenix, Ariz., for appellees.

Before HUFSTEDLER and WAL-LACE, Circuit Judges, and GRAY,* District Judge.

* Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

WILLIAM P. GRAY, District Judge:

This is an appeal from the granting of summary judgment in favor of Hartford Insurance Company, a defendant in the action below. The sole question before this court is whether the claimed damage falls within one or more of the standard form exclusion clauses of the liability insurance policy issued by Hartford. We agree with the trial court that it does, and accordingly affirm.

In 1966, the appellant, Southwest Forest Industries (Southwest), contracted with Pole Buildings, Inc. to construct an industrial building on property owned by Southwest at McNary, Arizona. Pole agreed to obtain an insurance policy "insuring against the risks of injuries to persons and property arising out of the performance of this contract." Pursuant to such agreement, Pole purchased the subject insurance policy from Hartford.

In the fall of 1966, the building was completed and Southwest took possession. In December 1967, the roof collapsed due to a heavy snow load, and Pole repaired the damage. On December 26, 1968, the roof collapsed again after a heavy snowfall. Southwest brought suit against Pole and Hartford in the Arizona state court, alleging breach of warranty and negligent construction by Pole. It claimed as damages only the cost of reconstructing the building. The action was removed to the United States District Court on the basis of the parties' diverse citizenship, and that court granted summary judgment in favor of Hartford on the ground that its insurance contract with Pole did not cover the latter's liability to Southwest.

The policy of insurance provided, in part, that "[t]he company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of [bodily injury or property damage] to which this insurance applies . . . ." and "all sums which the *insured,* by reason of *contractual liability* assumed by him under any written contract . . . shall become legally obligated to pay as *damages* because of [bodily injury or property damage] to which this insurance applies. . . ." [1] For purposes of the summary judgment motion, and in oral argument before this court, the parties assumed that the building collapse would be covered under the policy unless that risk was excluded by one or both of the following clauses:

"This insurance does not apply:

\* \* \* \* \* \*

(*l*) to *property damage* to the *named insured's products* arising out of such products or any part of such products;

(m) to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts of equipment furnished in connection therewith;"

With respect to exclusion (m), Hartford claims that this clause denies coverage for damage to the insured's work product, whether completed or unfinished, where such damage results from a defect in the item constructed by the insured. In contrast, the appellant reads exclusion (m) to except from coverage damage to the building incurred *during construction,* but not damage to the building occurring after completion of the structure. The appellant achieves this result by interpreting the second use of the word "work" in the phrase "property damage to work performed . . . arising out of the work" to denote the *activity* of construction rather than the resulting structure. It contends that under its interpretation the clause is unambiguous and does not vitiate coverage for damage to its building; that under Hartford's construction the clause is ambiguous when compared

1. The italicized words in the portions of Hartford's policy quoted here appear in this form in the original document to signify terms which are defined elsewhere in the policy.

with other policy provisions; and that in the event of ambiguity, the questionable provision is to be construed in favor of the insured.[2]

We cannot agree with the appellant's reading of exclusion (m). When considered in context, the word "work" should be read as a noun, referring back to, and having the same meaning as, the phrase "work performed." The section should thus operate to withdraw coverage for damage to the insured's work product resulting from an inherent defect, even though construction is complete and the contractor has relinquished control. This interpretation is consistent with the construction accorded similar exclusion clauses in numerous other cases. *See, e. g.,* Haugan v. Home Indemnity Co., 197 N.W.2d 18 (S.D.1972); Liberty Building Company v. Royal Indemnity Co., 177 Cal.App.2d 583, 2 Cal. Rptr. 329 (1960); Vobill Homes, Inc. v. Hartford Accident & Indemnity Co., 179 So.2d 496 (La.App.1966); Heyward v. American Casualty Co., 129 F.Supp. 4 (E.D.S.C.1955); Hartford Accident & Indemnity Co. v. Olson Bros., Inc., 187 Neb. 179, 188 N.W.2d 699 (1971).

The appellant's argument that the coverage provided by the policy under the "completed operations hazard" would be rendered nugatory if clause (m) is held to apply to completed projects is also unpersuasive. The additional coverage provided by the "completed operations hazard" includes:

> "*bodily injury* and *property damage* arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs after such opera-

tions have been completed or abandoned and occurs away from premises owned by or rented to the *named insured.* 'Operations' include materials, parts or equipment furnished in connection therewith.

> \* \* \* \* \* \*

> Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed."

When considered with exclusion (m), the completed operations coverage would be limited only to the extent that damage to the insured's completed work would not fall within the coverage of the policy. The risk of damage to persons or property other than that constructed by the insured would remain with the insurer.

The appellant contends further that its claim for damages based upon a breach of express and implied warranty falls within the "contractual liability" coverage part of Hartford's policy and that an inconsistency would arise if exclusion (m) is interpreted to vitiate such coverage. This assertion must also be rejected, because the term "contractual liability" is defined in the policy to exclude claims based upon a warranty.[3]

If Southwest's narrow reading of exclusion (m) were to be accepted, and if it were to be assumed further that no other exclusion is applicable, Hartford would be contractually obligated both to Pole and to its customers as a guarantor of the quality of Pole's work in all respects. In light of the unambiguous language of exclusion (*l*), which expressly negates such broad coverage for

---

2. United American Life Insurance Co. v. Beadel, 13 Ariz.App. 196, 475 P.2d 288 (1970); Caballero v. Farmers Insurance Group, 10 Ariz.App. 61, 455 P.2d 1011 (1969).

3. "When used in reference to this insurance (including indorsements forming a part of the policy):
   "*contractual liability*" means liability expressly assumed [by the insured] under a written contract or agreement; provided, however, that *contractual liability* shall not be construed as including liability under a warranty of the fitness or quality of the *named insured's products* or a warranty that work performed by or on behalf of the *named insured* will be done in a workmanlike manner;"

damage to the insured's "products," we cannot infer that Hartford assumed a much greater risk with respect to "work performed" by the insured. Accordingly, since the appellant's sole claim is for damages to the building itself and not for injury to persons or other property, we hold that exclusion (m) applies to release Hartford from liability.

Our decision with respect to exclusion (m) makes it unnecessary to determine whether the completed building is also a "product" within the meaning of exclusion (l).

Judgment affirmed.