417 So.2d 64 (1982)
Riley A. WILLIAMSON, Sr., Plaintiff & Appellee,
v.
Dick ALEWINE, d/b/a Dick's Garage & Truck Sales, Defendant & Appellant.
No. 82-32.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
*65 Bolen & Erwin, Gregory S. Erwin, Alexandria, for defendant & appellant.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Gold, Little, Simon, Weems & Bruser, John F. Simon, Alexandria, for defendant & appellee.
J. Wendel Fusilier and Alex D. Chapman, Jr., Ville Platte, for plaintiff & appellee.
Before CULPEPPER, SWIFT and LABORDE, JJ.
CULPEPPER, Judge.
This is a suit for damages for breach of a contract to repair a truck. The original defendant, Dick Alewine, filed a third party demand against Hartford Accident & Indemnity Company, his garage liability insurer. Hartford filed a motion for summary judgment denying coverage. The district court granted the summary judgment. Third party plaintiff, Dick Alewine, appeals. We affirm.
The issues are: (1) Does the garage liability insurance policy in question provide coverage for the damages alleged by plaintiff Williamson's petition? (2) Does the insurer have a duty to defend Dick Alewine?

FACTS
The plaintiff, Riley Williamson, Sr., filed suit against the defendant, Dick Alewine, d/b/a Dick's Garage & Truck Sales, alleging that after he had paid the defendant for certain repair work on his truck, it began malfunctioning, and he ultimately had to have it repaired by another mechanic because of the defendant's failure to properly repair it initially. The damages claimed by Mr. Williamson included the amount already paid for repairs, future repair payments, loss of profits due to delay in repair, mental anguish and attorney's fees.

COVERAGE
Hartford's policy provides it will indemnify the insured for all sums he becomes legally obligated to pay as damages, because of "bodily injury or property damage" to which the insurance policy is applicable," caused by an occurrence and arising out of garage operations." The exclusionary clauses relied upon by Hartford state this insurance does not apply:
"(i) to loss of use of tangible property which has not been physically injured or destroyed resulting from
(1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or
(2) the failure of the named insured's products or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured;

* * * * * *

*66 "(k) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;"
Similar exclusionary clauses were considered by this court in Vobill Homes, Inc. v. Hartford Accident & Indemnity Company, 179 So.2d 496 (La.App. 3rd Cir. 1965), writ refused 248 La. 698, 181 So.2d 398 (1966), and Franks v. Guillotte, 248 So.2d 626 (La.App. 3rd Cir. 1971). In Vobill Homes, Inc., the pertinent exclusionary clauses excluded "injury to * * * work completed by or for the named insured, out of which the accident arises." The phrase in the Franks case excluded coverage for "injury to or destruction of * * * work completed by or for the named insured, out of which the accident arises."
Despite a slight difference in wording, Exclusion (k) of the instant policy was obviously intended to exclude the same type of claims as the Vobill Homes and Franks clauses, i.e., for damages caused by injury to the work-product itself of the named insured. We find no ambiguity in the language therein.
It is our understanding, and it has been uniformly held, that a liability policy with an exclusionary clause such as this expressly excludes coverage of the insured's obligation to repair or replace his own defective work or product. Franks v. Guillotte, supra; Vobill Homes, Inc. v. Hartford, supra, and authorities cited therein. The claim of the plaintiff in the instant case for repairs to his vehicle is just such a claim, and coverage is unambiguously excluded by the language of the policy.
Exclusion (i) of the policy is applicable where there is a claim against the named insured for loss of use of property as a result of a lack of performance of a contract or agreement by the insured, or failure of the insured's work-product to meet the level of performance, fitness, etc., represented by the insured. The plaintiff's claim for loss of use of his truck falls clearly within this language, and is thus excluded from policy coverage.
The claim for damages for "mental anguish and suffering during second repair of the vehicle" is not recoverable in an action for breach of contract where the principal cause was repair of the plaintiff's vehicle, and not some form of intellectual enjoyment. See Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976); Martin v. AAA Brick Company, Inc., 386 So.2d 987 (La.App. 3rd Cir. 1980). Furthermore, in the absence of a contractual agreement or specific statutory authority, the plaintiff's claim for attorney's fees may not be allowed. Martin v. AAA Brick Company, supra. The plaintiff neither alleges facts to establish a contractual agreement to this effect nor cites any statutory authority for attorney's fees in this case.
Inasmuch as the first three items of damages claimed by plaintiff's petition are excluded by the specific language of the policy in question, and the last items of damages would not be recoverable in any event, the summary judgment in favor of the third party defendant was properly granted.

DUTY TO DEFEND
The appellant contends that since Hartford's denial of coverage was first based on Exclusion (k) and later on Exclusion (i), there is at least an ambiguity, so that Hartford has the duty to defendant Dick's in this suit.
We recognize that, in general, the insurer's obligation to defend suit against its insured is broader than its liability for damage claims. In Lees v. Smith, 363 So.2d 974 (La.App. 3rd Cir. 1978), we held:
"An insurer's duty to defend suits brought against its insured is determined by the allegations of the plaintiff's petition, with the insurer being obligated to provide a defense unless the petition unambiguously excludes coverage. American Home Assurance Company v. Czarniceki, 255 La. 251, 230 So.2d 253 (1969); Ada Resources, Inc., et al. v. Don Chamblin & Assoc., Inc., et al., 361 So.2d 1339 (La.App. 3 Cir. 1978)."
*67 However, to determine whether the petition "unambiguously excludes coverage," it is necessary to look to the exclusionary language of the policy itself. See Lees v. Smith, supra; Michel v. Ryan, 373 So.2d 985 (La.App. 3rd Cir. 1979), writ denied 376 So.2d 319 (La.1979). This test is unaffected by the fact that Hartford relied on more than one exclusion to deny coverage. In light of our decision that exclusionary clauses (i) and (k) exclude coverage under the language of the plaintiff's petition in this case, we find that Hartford has no duty to defend the appellant.
For the reasons assigned, the judgment is affirmed. All costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.