424 So.2d 1155 (1982)
Donna BACON
v.
DIAMOND MOTORS, INC.
No. 82 CA 0290.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Writ Denied February 11, 1983.
Donna W. Lee, Baton Rouge, for plaintiff-appellee Donna Bacon.
Carey T. Jones, Baton Rouge, for third party defendant-appellee Continental Ins. Co.
Ben Louis Day, Baton Rouge, for defendant-appellant Diamond Motors, Inc.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
This is an appeal from a summary judgment which dismissed a third-party demand of defendant Diamond Motors, Inc. against its insurer, Continental Insurance Company. At issue is the question of whether or not there is a genuine issue of fact which, as a matter of law, would preclude dismissal of Diamond Motor's third party demand on the grounds of lack of coverage under the policy.
Plaintiff alleged she delivered her 1979 Datsun one-half ton pickup truck to Diamond *1156 Motors for repairs and the repairs were either not performed or were performed defectively. Specifically, plaintiff alleges Diamond Motors purported to overhaul the engine. After Diamond Motors worked on the engine on at least ten separate occasions, plaintiff took the truck to another mechanic who informed her the engine had not been overhauled, but in fact had been damaged beyond repair by Diamond's previous service attempts. Plaintiff therefore sued for the damages she allegedly incurred. Diamond third-partied Continental, its insurer, who denied coverage under its policy and moved for summary judgment due to the alleged lack of coverage. The motion was sustained and Diamond has appealed devolutively. We affirm.
Summary judgment is an extremely useful device for putting an end to unnecessary litigation, but it is available only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966; Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Whenever there remain factual issues in dispute, a court should not grant summary judgment but should set the case for trial. Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982).
Diamond Motors contends an issue of fact must be resolved before coverage under the policy can be determined. Diamond argues the pleadings contain a factual dispute as to whether the damage to plaintiff's truck was caused by the fault of the plaintiff or some third party. Because of this factual dispute, Diamond contends no summary judgment can be granted on the issue of insurance coverage.
The trial judge rejected this contention, since the allegation of possible third-party fault, even if true, would have no bearing upon the alleged liability of Continental as Diamond's insurer. We agree. Under third party practice in Louisiana, the third party defendant's liability is derivative so that the third party plaintiff, Diamond Motors, can only recover that for which it is liable. La.Code Civ.P. art. 1111. Thus, the potential liability of Continental as a third party defendant must be measured by the allegations in plaintiff's petition. Since plaintiff's petition is based upon Diamond's failure to repair or negligent repair of her truck, the only question on the motion for summary judgment is whether or not the policy provides coverage for damages caused by the alleged neglect or negligence.
The coverage afforded Diamond by Continental is contained in Part IV(A)(1) of the policy which provides:
"PART IVLIABILITY INSURANCE.
A. WE WILL PAY.
1. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from garage operations."
Continental contends there was no "accident" as defined in Part 1(C) of the policy as:
"PART IWORDS AND PHRASES WITH SPECIAL MEANING....
* * * * * *
C. `Accident' includes continuous or repeated exposure to the same conditions resulting in bodily injury or property damage the insured neither expected nor intended."
Alternatively, Continental maintains that should the incident sued upon be considered an accident, coverage is nevertheless excluded pursuant to Part IV(C) (11 and 12) of the policy which states:
"PART IVLIABILITY INSURANCE.
* * * * * *
C. WE WILL NOT COVEREXCLUSIONS.
11. Property damage to any of your products ... if caused by a defect existing at the time it was sold or transferred to another.

*1157 12. Property damage to work you performed if the property damage results from any part of the work itself or from the parts, materials or equipment used in connection with the work."
The trial judge found that there was no "accident" within the meaning of the policy and that the exclusionary provisions listed above also exclude coverage. We are in substantial agreement with the following reasons of the trial court.
"Our jurisprudence seems well established to the effect that faulty repair work does not fall within the definition of accident and therefore is not within the purview of coverage under the liability provisions of a policy insuring one against accident.
"It was recently so held in Vitenas v. Centanni, 381 So.2d 531 (La.App. 4th Cir. 1980), an action which involved a claim against a building contractor for alleged faulty workmanship in constructing a building. Vitenas, above, involved a policy which defined `occurrence' as `an accident including exposure to conditions which result during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured.'
"In the instant case, the definition of `accident' is virtually identical with that of `occurrence' in Vitenas, above, and both cases involve alleged faulty workmanship.
"The Court finds also that Continental's policy excludes coverage under the hereinabove quoted exclusionary provision.
"The identical exclusion contained in Continental's policy has been construed to exclude coverage in construction contract policies. Vobil (sic) Homes, Inc. v. Hartford Accident & Indemnity Company, 179 So.2d 496 (La.App. 3d Cir.1965).
"See also Vitenas, above, in which a substantially similar provision was held to exclude coverage for defective workmanship on a structure.
"Plaintiff [Diamond] seeks to avoid the effect of the exclusionary clause by arguing that damage to the engine of her [plaintiff's] car amounts to damage to property other than that being worked upon and which according to Vobil (sic), above, does not fall within the ambit of the exclusion relied upon by Continental.
"This argument is without merit. Close examination of Vobil (sic), above, reveals that that kind of `damages to other property' contemplated therein is damage to property other than that upon which the work was performed. To the same effect see Kendrick v. Mason, [234 La. 271] 99 So.2d 108 [(La.1958)]; Poynter v. Fidelity & Casualty Company of New York, 140 So.2d 42 [(La.App. 3d Cir.1962)]."
See also Franks v. Guillotte, 248 So.2d 626 (La.App. 3d Cir.1971) (repairer overhauling automobile engine negligently installed filterhead and "o" rings, causing damage to entire engine; "injury to work" exception held to exclude all coverage).
For the above reasons, the judgment of the trial court is affirmed. All costs are to be paid by appellants.
AFFIRMED.