496 So.2d 1338 (1986)
KOLD, INC., Plaintiff-Appellant,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, et al., Defendants-Appellees.
No. 85-1133.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
Writ Denied December 19, 1986.
Charles Schrumpf, Sulphur, Bobby Hackett, New Orleans, for plaintiff-appellant.
Chris M. Trahan, Raggio, Cappel, Greg M. Belfour, Lake Charles, Nicholas Gachassin, Jr., Lafayette, for defendants-appellees.
Before FORET, STOKER and LABORDE, JJ.
FORET, Judge.
Plaintiff, Kold, sued its liability insurer, United States Fidelity & Guaranty Company (USF & G), for sums it expended to remedy damages caused by an explosion of an impeller within an air conditioning unit it was hired to repair by the City of Lake Charles. Kold also sued the City of Lake Charles, seeking recovery on an unjust enrichment theory.[1] USF & G answered by filing motions for summary judgment denying coverage.
The trial court found that the cause of the explosion of the impeller was due to the plaintiff's own negligence and thus denied recovery against the City of Lake Charles. The trial court further found that the plaintiff had failed to show by a preponderance of the evidence that the defendant, USF & G, had any insurance covering the damages *1339 alleged in the petition. Plaintiff, Kold, has appealed.
The sole issue in this case is whether or not the damages claimed by Kold are excluded under the general liability policy issued by USF & G.

FACTS
In December of 1979, Kold was called in by the City of Lake Charles to disassemble a broken compressor in an air conditioning unit at the Lake Charles Civic Center. The plaintiff was asked to determine what repairs were necessary. Kold determined that a number of parts were damaged or worn out and needed replacing. Kold subsequently submitted a bid (which was accepted) to rebuild the compressor.
Kold was paid almost $7,000 in charges for initial disassembly and repair estimate of the air conditioning unit. The total bid price was $16,911.80 for actual repairs.
During the repair job, Kold removed an impeller from the compressor shaft and sent the impeller to Howell Industries for certain machine work to be performed. The machine work included the boring of the impeller. The impeller was subsequently placed back onto the shaft and was reinstalled in the compressor along with other new parts. Kold employees placed the compressor back into position, recharged the system with oil and refrigerant, and then attempted start-up. Within seconds after start-up, the impeller exploded, causing internal damage to the compressor.
In an attempt to pursue a claim against its liability insurer, USF & G, Kold sought the advice of its attorney, who requested that the City's attorney demand that Kold complete repairs under the terms of its contract. The City complied. Kold then disassembled the compressor, purchased parts to replace those which had been damaged or destroyed when the impeller shattered, and rebuilt the compressor again. Plaintiff's cost to re-repair the unit was $41,076.50. The unit did function after the compressor was rebuilt, and the City paid Kold the contract price based on its original bid. Kold demanded an additional $41,076.50, but the City of Lake Charles refused to pay any sums in excess of the bid amount. Consequently, plaintiff sued its insurer under its liability policy and the City of Lake Charles.

SPECIFICATIONS OF ERRORS
Kold contends that the trial court erred (1) in failing to find insurance coverage under the policy; and (2) in failing to require the defendant to prove the exclusions relied on, and the elements of the exclusionary clauses contained within the policy. Kold argues that according to the policy, the company is required to pay all sums which the insured is legally obligated to pay as damages because of property damage to which the policy applies caused by an occurrence. However, USF & G contends that the exclusions it relies upon exclude coverage for all damages suffered by machinery upon which work is performed.
The exclusions relied upon by USF & G are:
"This insurance does not apply:
* * * * * *
(k) to property damage to
* * * * * *
(3) property in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control;
* * * * * *
(o) to property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith; ..."
The record reflects that the air conditioning compressor was in the care, custody, and control of Kold when the impeller exploded. The assistant director of the Lake Charles Civic Center, Roger Gil, testified that the air conditioning unit was not operational from the time Kold dismantled it until such time as the impeller shattered. *1340 All repair work was performed by Kold, Inc. personnel and not by any Civic Center personnel. The maintenance director at the Civic Center, Russell Harvey, testified that at the request of Kold employees, he turned the unit on and was present during start-up. He testified that the impeller shattered as soon as the compressor reached top speed. Charles Galbreath, the president and owner of Kold, Inc., testified that he had not completed his work when the impeller was shattered.
"Q: Now, Mr. Galbreath, at the time that this unit disassembled, that this impeller disintegrated at the end of the bid work, had that work been accepted by the City in terms of ascompleted?
A: Prior to the impeller breaking?
Q: Yes, sir.
A: No, they hadn't accepted it because we hadn't finished it."

(Emphasis ours.)
Where the damaged property is the subject of the work performed, it is deemed to be within the care, custody, and control of the insured. H.E. Wiese, Inc. v. Western Stress, Inc., 407 So.2d 464 (La.App. 1 Cir.1981); Hendrix Electric Co., Inc. v. Casualty Reciprocal Exchange, 297 So.2d 470 (La.App. 2 Cir.1974); and Thomas W. Hooley & Sons v. Zurich General Accident & Liability Insurance Co., 235 La. 289, 103 So.2d 449 (1958). Consequently, the completed operations coverage is inapplicable.
The damages resulting from the explosion of the impeller were confined to the compresssor which Kold had just rebuilt. Therefore, the damaged property was the very subject of the work performed and was still under the control of Kold when the impeller disintegrated.
Additionally, the damage suffered by the compressor in this case was damage to the "work product" of the insured and, therefore, excluded from coverage under the policy. Louisiana courts have repeatedly held that liability insurance policies do not cover faulty repair work. In construing policy language identical to that found in exclusion (O), the courts have stated that liability insurance policies are not performance bonds and that defective work is not covered. Vobill Homes, Inc. v. Hartford Accident & Indemnity Company, 179 So.2d 496 (La.App. 3 Cir.1965), writ denied, 248 La. 698, 181 So.2d 398 (1966); Breaux v. St. Paul Fire & Marine Insurance Company, 345 So.2d 204 (La.App. 3 Cir.1977); Franks v. Guillotte, 248 So.2d 626 (La.App. 3 Cir.1971); Bacon v. Diamond Motors, Inc., 424 So.2d 1155 (La. App. 1 Cir.1982), writ denied, 429 So.2d 131 (La.1983).
Kold relies strongly on a federal case, Todd Shipyards Corporation v. Turbine Service, Inc., 674 F.2d 401 (U.S. 5th Cir. 1982), rehearing denied, 680 F.2d 1389, cert. denied, 459 U.S. 1036, 103 S.Ct. 448, 74 L.Ed. 603 (1982). However, the Todd case simply reiterates the same proposition stated in Bacon, supra; Franks, supra; and Vobill, supra, that the "work product" provisions of a liability policy simply do not insure any obligation of the policyholder to repair or replace his own defective work or defective product. In this case, the damage which occurred is the direct result of the defective work product of Kold, i.e., negligently repairing the impeller. Curtis Dyle, a mechanical engineering expert called by the City of Lake Charles, testified that, from his examination of the work records kept by Kold and Howell Industries, it was obvious that Kold employees had a difficult time removing and installing the impellers.[2]
Kold's work entailed the complete rebuilding of the compressor. Charles Galbreath testified that the damages caused by the explosion of the impeller were confined to the single compressor upon which Kold had performed all of its work. Consequently, there is no evidence in the record that any other damage occurred to property other than that upon which work was performed by Kold. In summary, Kold contracted with the City of Lake Charles to *1341 rebuild an air conditioning compressor. As a result of its own negligence in making initial repairs, Kold was called upon to rebuild the compressor again after the impeller shattered, and Kold now wants its general liability insurer to pay it for that additional repair work. This type of claim is exactly that which was meant to be excluded by the "work product" provisions of the policy.
For the foregoing reasons, we conclude that the trial court correctly ruled in favor of United States Fidelity & Guaranty Company and against Kold, Inc., and in favor of the City of Lake Charles and against Kold, Inc. For the reasons assigned, the judgment of the trial court is affirmed, at plaintiff-appellant's costs.
AFFIRMED.
NOTES
[1] Kold concedes in brief that the City of Lake Charles is not liable for any sums whatsoever to Kold, Inc. based upon unjust enrichment or quasi contract. The liability of the City has neither been put in issue by specification of error, nor briefed. Therefore, all issues as to the liability of the City should be considered abandoned. Prudhomme v. Nationwide Mutual Insurance Company, 465 So.2d 141 (La.App. 3 Cir.1985), writ denied, 467 So.2d 1132 (La.1985).
[2] The impeller is a critical component in a compressor.