CLARK, Justice.
_JjWe granted certiorari to determine whether the court of appeal erred in reversing the trial court’s denial of the defendant’s exception of res judicata. For the reasons that follow, we find an unconfirmed arbitration award does not have a preclusive effect. Accordingly, we reverse the court of appeal’s ruling and remand the matter to the trial court for proceedings consistent with this holding.
FACTS AND PROCEDURAL HISTORY
Harold Otis Wright was paralyzed and incapacitated by a medical accident in 1973. He received damages totaling approximately $1.7 million as a result of ensuing litigation. Wright v. United States, 507 F.Supp. 147 (E.D.La.1981). Thereafter, his wife, Audrey Wright, filed a Petition for Interdiction in the 21st Judicial District Court. The court declared Mr. Wright an interdict and appointed Mrs. Wright as his euratrix. In conjunction with the interdiction proceeding, the court issued an order (“the 1982 order”) which allowed the euratrix to invest the money from the judgment in long-term bonds. Additionally, the court ordered all interest income be deposited and channeled through a Custodian Account, with the provision “that no portion of the interdict’s capital estate be withdrawn from any of the said long range investment accounts, without further and specific orders of this court.” With permission of the court, Mrs. Wright established an account with A.G. Edwards & Sons, Inc. (“A.G. | ¡.Edwards”) through one of its investment bankers, Ed *895 win Reardon. Both Mr. Reardon and A.G. Edwards received a certified copy of the court’s order which authorized disbursement.
On December 23, 2002, Mrs. Wright filed a Petition for Damages in the 21st Judicial District Court against several defendants, including Mr. Reardon and A.G. Edwards, alleging breach of fiduciary and contractual duties, including violations of securities law. Particularly, Mrs. Wright argued Mr. Reardon misappropriated the entire $1.7 million and disbursed the principal from the account, thereby violating the court’s 1982 order. Additionally, Mrs. Wright alleged further violation of the court’s order when Mr. Reardon left A.G. Edwards, went to work for Morgan Stanley Dean Witter, Inc. (“Morgan Stanley”), and took the remaining principal of the account ($700,000) with him to Morgan Stanley. Also, she contended A.G. Edwards failed to supervise Mr. Reardon’s management of the account.
In response to the defendants’ Exception of Prematurity and in light of the arbitration clause in the account agreement, the court issued an order, staying the action pending arbitration before the National Association of Securities Dealers (“NASD”). Mrs. Wright consented to the arbitration. While the arbitration was still pending, Mr. Wright died, thereby terminating the interdiction proceeding. Harold Asher was appointed as the decedent’s succession representative and was substituted for Mrs. Wright in the arbitration. On July 31, 2006, the NASD arbitration panel issued a $150,000 award in favor of the succession against A.G. Edwards.[1]
On June 18, 2008, Mr. Asher filed a Motion for Contempt of Court against |SA.G. Edwards under La.Code Civ.P. art. 3611[2] for violating the 1982 court order.[3] A.G. Edwards filed several exceptions, including an exception of res judicata, wherein it contended the NASD arbitration proceeding was between the same parties, based on the same alleged wrongful conduct, and awarded the same damages sought in the Motion for Contempt of Court. The trial court denied the exception of res judicata. On July 21, 2010, the Louisiana First Circuit Court of Appeal granted the writ, reversing the trial court’s ruling and dismissing Mr. Asher’s claims as res judicata. Interdiction of Harold Wright, 10-449 (La.App. 1 Cir. 7/22/10). Particularly, the court of appeal stated:
The trial court erred in denying A.G. Edwards and Sons, Inc.’s Exception of Res Judicata. The arbitration proceeding was between the same parties, based on the same alleged wrongful conduct, and awarded the same damages sought in Harold Asher’s Motion for Contempt (which we find to be a misnamed peti *896 tion for damages, given that there was no injunction issued). Therefore, the arbitration award, albeit unconfirmed, is res judicata and precludes Mr. Asher’s suit. See Aucoin v. Gauthier [35 So.3d 326], 2010 WL 502793 (La.App. 1st Cir.2/12/10), writ granted, (La.6/18/10) 38 So.3d 312. Accordingly, the exception is hereby granted, dismissing the claims of Harold Asher against A.G. Edwards and Sons, Inc.
This court granted Mr. Asher’s writ application for certiorari to determine whether an arbitration award that is not confirmed in accordance with La. R.S. 9:4209 can have a preclusive effect on subsequent proceedings that involve the same parties, [4are based on the same wrongful conduct, and seek the same damages.[4] Assuming an unconfirmed award does have a preclu-sive effect, we then must determine whether Mr. Asher’s Motion for Contempt of Court involves the same parties, wrongful conduct, and damages as the Petition for Damages, which was the basis for the arbitration award. Interdiction of Harold Otis Wright, 10-1826 (La.11/12/10), 49 So.3d 875.
DISCUSSION
Mr. Asher contends the unconfirmed arbitration award in this case cannot have a res judicata effect because it is not a judgment by a court vested with judicial power. On the other hand, A.G. Edwards argues the arbitration award, though unconfirmed, has a preclusive effect and bars the plaintiffs suit because the award was between the same parties, based on the same conduct, and awarded the same damages as the instant litigation. For the reasons that follow, we agree with Mr. Asher’s assertion that res judicata does not apply to an unconfirmed arbitration award.
Louisiana’s res judicata statute is codified in La. R.S. 13:4231:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
|fi(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. (Emphasis added).
The statute applies only when there is a “valid and final judgment” between the parties. Comment (d) to the statute further explains the requirement of a “valid and final judgment”:
To have any preclusive effect a judgment must be valid, that is, it must have been rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been *897 given.... The use of the phrase “final judgment” also means that the preclu-sive effect of a judgment attaches once a final judgment has been signed by the trial court. (Emphasis added).
As supported by the language of the comment, an unconfirmed arbitration award is not a “judgment” and was not “rendered by a court.” As such, it does not qualify as a “valid and final judgment” under the statute and has no res judicata effect.
To illustrate the distinction between an “arbitration award” and a “judgment,” we look to the language of the Louisiana Binding Arbitration Law, La. R.S. 9:4209, which provides, in pertinent part: “at any time within one year after the award is made any party to the arbitration may apply to the court ... for an order confirming the award.” (emphasis added). Pursuant to La. R.S. 9:4210, a court is required to vacate an award if certain enumerated events occur.[5] Similarly, under La. R.S. 9:4211 |fia court can modify or correct an arbitration award for reasons listed in the statute.[6] Because awards are subject to court-ordered vacation or modification, arbitration awards are clearly not “valid and final judgments” unless and until they have been confirmed.
La. R.S. 9:4212 even contrasts the two terms: “Upon the granting of an order confirming, modifying, or correcting an award, judgment may be entered in conformity therewith in the court wherein the order was granted.” (emphasis added). La. R.S. 9:4214 provides the procedure for converting the award to a judgment and states, “[t]he judgment so entered shall have the same force and effect ... as a judgment in an action, and it may be enforced as if it had been rendered in an action in the court in which it is entered.” Indeed, if the legislature intended unconfirmed awards to have preclusive effects, there would be no reason to include a procedure for confirming awards. By enacting La. R.S. 9:4209, et seq., the legislature intended for parties to seek judicial confirmation before an arbitration award would become a legally enforceable judgment.
*898 | 7We recently confirmed this interpretation by way of jurisprudence in FIA Card Services, NA v. Weaver, 10-1372, p. 5 (La.3/15/11), 62 So.3d 709, 712 when we held “[f]or an arbitral award to be made enforceable by law, it must first be confirmed by a court.” In that case, we rejected the argument that the failure to timely file a motion to vacate an award necessitates a court’s confirmation of the order as a purely ministerial act. Rather, we held a court is obligated to first satisfy itself that a, valid arbitration agreement was in existence. This holding stands for the proposition that a court’s confirmation of an award is more than a rubber-stamping task. Thus, a judgment is required in order to give an arbitration award legal effect. See also McCarty v. Zacharie, 11 La. Ann. 474 (1856), wherein the court held the parties were not bound by the arbitration award because it was never confirmed.
Moreover, the applicability of the res judicata statute presupposes the judgment was rendered by a court with constitutional authority. The Louisiana Constitution of 1974 vests judicial authority solely in the hands of the “supreme court, courts of appeal, district courts, and other courts authorized by this Article.” La. Const. Art. V, § 1. The power to issue legally binding judgments cannot be delegated to non-judicial personnel. See State v. O’Reilly, 00-2684 (La.5/15/01), 785 So.2d 768 (striking down a statute which delegated judicial power to unelected commissioners). Our Constitution mandates independent judicial review before an arbitrator's award can serve as the ground for a judgment. If an arbitration award is afforded immediate res judicata effect, the arbitrator is essentially acting as an Article V tribunal insofar as his award will have the immediate effect of a judgment. As mentioned above, the law prohibits this type of unauthorized exercise of power.
In Wooley v. State Farm Fire and Casualty Ins. Co., 04-882, p. 36 (La.1/19/05), 893 So.2d 746, 771, this court held that an order of an administrative law | ¿judge is “not a valid and final judgment for purposes of res judicata.” We also held that the “valid and final judgment” requirement of the res judicata statute assumes “that the judgment at issue was one wherein judicial power was exercised by an Article V tribunal.” Id. By analogy, if the ruling of an administrative law judge, who is appointed by the executive branch, is not a “final and valid” judgment, neither is the decision of an arbitrator.
Because we held that an unconfirmed arbitration award does not have a preclu-sive effect, it is unnecessary for us to address whether the Motion for Contempt of Court sought the same relief as the Petition for Damages. Thus, we pretermit discussion of this issue.
DECREE
For the reasons stated herein, the ruling of the court of appeal is reversed and the trial court ruling that denied the exception of res judicata is reinstated. The matter is remanded for further proceedings in accordance with this decision.
REVERSED AND REMANDED.
JOHNSON, J., dissents and assigns reasons.
WEIMER, J., concurring in part and dissenting in part for reasons assigned.
GUIDRY, J., dissents and assigns reasons.

. A.G. Edwards is the only defendant involved in the instant matter. Morgan Stanley was dismissed with prejudice and Mr. Reardon entered into a stipulated judgment for the amount of $100,000.

. Louisiana Code of Civil Procedure Article 3611 provides:
Disobedience of or resistance to a temporary restraining order or preliminary or final injunction is punishable as a contempt of court. The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of the violation.

.Mr. Asher previously filed a Motion for Contempt of Court while arbitration was pending. A.G. Edwards removed the matter to federal court. The plaintiff filed a motion to remand to state court, where the order was initially issued. The federal district court denied the motion to remand; however, the United States Court of Appeals for the Fifth Circuit remanded the matter to the 21st Judicial District Court. Thereafter, Mr. Asher re-urged the Motion for Contempt of Court, which is relevant to the instant litigation.

. La. R.S. 9:4209 provides, in pertinent part: "[a]t any time within one year after the arbitration award is made any party to the arbitration may apply to the court ... for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected.”

. La. R.S. 9:4210 provides:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

. La. R.S. 9:4211 provides:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order modifying or correcting the award upon the application of any party to the arbitration.
A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
The order shall modify and correct the award so as to effect the intent thereof and promote justice between the parties.