HIGGINBOTHAM, J.
1 Jonathan K. and Rene P. Greer (“the Greers”) brought suit for damages arising out of an allegedly defective foundation in their home that had been built pursuant to a construction contract between them and Town Construction Company, Inc. (“Town Construction”).[1] The Greers appeal a district court judgment sustaining Town Construction’s peremptory exception on the basis of res judicata due to a prior arbitration proceeding. For the reasons set forth below, we reverse and remand.
BACKGROUND
In April 2004, the Greers entered into a contract with Town Construction for the construction of their residence at 6929 Woodstock in Baton Rouge, Louisiana. At some point, a dispute arose between the Greers and Town Construction concerning costs, change orders, workmanship, and timeliness issues. In March 2006, pursuant to the construction contract, Town Construction filed a demand for the unpaid contract balance by arbitration through the American Arbitration Association (“AAA”). The Greers filed a counterclaim for damages in the arbitration proceeding, asking for reimbursement, repairs, and diminution in the value of their home due to alleged construction defects and pursuant to the Louisiana New Home Warranty Act (“LNHWA”).[2] In their counterclaim, the Greers specifically alleged that their home had mold/mildew problems and cracks in the walls that were “growing at an alarming rate” and were allegedly “due to a structural defect in the foundation” or “faulty construction of the home[’]s foundation.”
|sThe arbitration proceeding took place in two phases, the first in November 2006 and the second in March 2007. Prior to each phase, the parties submitted their claims to the arbitrator. The arbitrator heard and considered evidence regarding the Greers’ various claims, including the alleged damage to the foundation of the Greer home, cracks in the walls, structural deficiencies in the roof framing system, and mold/mildew problems. On April 30, 2007, the arbitrator issued an arbitration award to Town Construction that amounted to the full contract balance plus extra costs and interest. The arbitrator also issued a damage award to the Greers on their counterclaim for reimbursement, repair, or replacement for “Structural Claims (including] foundation)” damages. The arbitrator specifically denied all other claims and counterclaims made by the parties in both phases of the arbitration. Rather than seeking a modification in the district court, the Greers filed a request with the AAA arbitrator for modification of the assessment of costs and fees that had been rendered solely against them. The Greers did not, however, seek any modification or correction regarding the actual merits of the arbitration award. The rec *362 ord does not reflect the outcome of the Greers’ costs/fees modification request with the AAA, and the record is void, as well, of any confirmation of the arbitration award by the district court.
Three years after the arbitration award was issued, the Greers discovered additional cracks in the floors and walls of their home. They filed this lawsuit against Town Construction in the district court on May 27, 2010. The Greers sought damages in the form of repair costs and diminution in the value of their home as a result of an alleged “defective foundation” in their home. Town Construction responded to the Greers’ lawsuit by filing a peremptory exception raising the objection of res judicata, maintaining that the Greers’ petition should be dismissed because the claims between the parties had already been litigated through an arbitration process. After a hearing, the district court sustained the 1 ¿exception and dismissed Town Construction from the Greers’ lawsuit on December 15, 2010. The Greers appealed. The only issue on appeal is whether the district court erred in sustaining Town Construction’s exception of res judicata.
DISCUSSION
The doctrine of res judicata is codified in La. R.S. 13:4231, which provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. (Emphasis added.)
This statute explicitly applies only when there is a “valid and final judgment” between the parties. Official Comment (d) (1990) to La. R.S. 13:4231 further explains the requirement of a “valid and final judgment,” stating:
To have any preclusive effect a judgment must be valid, that is, it must have been rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been given.... The use of the phrase “final judgment” also means that the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court. (Emphasis added.)
In a recent opinion with three dissenting views, the Louisiana Supreme Court considered the requirement of a “valid and final judgment” in the context of an unconfirmed arbitration award, holding that an unconfirmed arbitration award is not a “valid and final judgment,” because it was not “rendered by the court” and as |ssuch, the unconfirmed award has no res judicata effect. Interdiction of Wright, 2010-1826 (La.10/25/11), 75 So.3d 893, 897.[3] In Wright, the supreme court illustrated the *363 distinction between an unconfirmed “arbitration award” and a “judgment” by examining the language of the Louisiana Binding Arbitration Law found in La. R.S. 9:4209, et. seq,,[4] and concluding that the legislature intended for parties to seek judicial confirmation before an arbitration award would become a legally enforceable judgment. Id, 75 So.3d at 897. The supreme court further held that the power to issue a legally binding judgment cannot be delegated to nonjudicial personnel such as an arbitrator, because the Louisiana Constitution mandates independent judicial review before an arbitrator’s award can serve as the ground for a judgment that has res judicata effect. Id, 75 So.3d at 898; see La. Const. Art. V, § 1.
The record in this case reflects that both parties consented to the arbitration, that neither party objected to or questioned the merits of the arbitration award or the finality of the award, and that the parties apparently honored the arbitrator’s decision. As previously noted, the Greers filed a motion with the AAA arbitrator, | fiseeking to modify the arbitration award as to the assessment of costs and fees only, not as to the merits of the awards. The record does not contain any filing in the district court or ruling by the district court on a motion to modify,[5] and the record is void of any evidence of a petition to confirm the arbitration award or any district court confirmation of the arbitration *364 award.[6] One explanation for the lack of a confirmation proceeding is that the parties accepted the proceeds of the awards, so confirmation was not necessary for purposes of execution.
Nevertheless, while we question the necessity of confirmation of the arbitration award in this case, we are bound to follow the narrowly-decided supreme court precedent established in Wright, 75 So.3d at 897. Therefore, we conclude that the district court erred in sustaining Town Construction’s peremptory exception raising the objection of res judicata based upon a prior unconfirmed arbitration award. The district court is obligated to first determine whether a valid arbitration award was in existence and had been confirmed before considering the merits of the exception. See Wright, 75 So.3d at 898. In other words, a district court errs in giving preclusive effect to an unconfirmed arbitration award, even though the parties do not dispute the existence of or the finality of the unconfirmed award. We emphasize that this decision should not be read to express any opinion as to the merits of the claims or as to the propriety of damages sought in the Greers’ lawsuit.
^CONCLUSION
Based on our thorough review of the record and relying on recent Louisiana Supreme Court precedent, we find that the district court ruling must be reversed. The matter is remanded for further proceedings in accordance with this decision and consistent with the holding in Interdiction of Wright, 2010-1826 (La.10/25/11), 75 So.3d 893. All costs of this appeal are assessed equally to Town Construction Company, Inc. and Jonathan and Rene Greer.
REVERSED AND REMANDED.

. The record reflects that the other defendants, Christopher A. Town and Chris Town Construction, LLC, were voluntarily dismissed, and the Greers reserved all rights against the remaining defendant, Town Construction. Thus, throughout this opinion, we refer to a sole defendant, Town Construction.

. The LNHWA is found at La. R.S. 9:3141, et seq.

. This holding is contrary to, and consequently, rejects prior jurisprudence maintaining *363 that an arbitration award, confirmed or not, carries the same res judicata effect as a judgment, but only as to those issues actually presented and considered in the arbitration proceeding. See Aucoin v. Gauthier, 2009-1245 (La.App. 1st Cir.2/12/10), 35 So.3d 326, 330, writ granted, 2010-0585 (La.6/18/10), 38 So.3d 312; Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, 2003-0481 (La.App. 1st Cir.2/23/04), 872 So.2d 1147, 1153; Peter Vicari General Contractor, Inc. v. St. Pierre, 2002-250 (La.App. 5th Cir. 10/16/02), 831 So.2d 296, 299; Craig v. Adams Interiors, Inc., 34,591 (La.App.2d Cir.4/6/01), 785 So.2d 997, 1001; Glod v. Baker, 99-0872 (La.App. 3d Cir. 12/8/99), 755 So.2d 910, 913, writ denied, 2000-0039 (La. 1/26/00), 753 So.2d 223; Hurley v. Fox, 587 So.2d 1, 2 (La.App. 4th Cir.1991). See also Frank L. Maraist, 1A Louisiana Civil Law Treatise: Civil Procedure-Post-Arbitration Proceedings § 13.7 at p. 55 (2011 Supp.). Furthermore, the three well-reasoned dissents in Wright, 75 So.3d at 898-901, all point out that confirmation of an arbitration award is not mandatory, but is only necessary for purposes of execution, and therefore, an arbitration award that has been accepted and honored by the parties should have a preclusive effect between the same parties on a subsequent action based upon the same matters resolved in the arbitration proceedings. See La. R.S. 9:4209 and La. C.C. art. 3129.

. Louisiana Revised Statutes 9:4209 provides, in pertinent part: “at any time within one year after the award is made any party to the arbitration may apply to the court ... for an order confirming the award.” Louisiana Revised Statutes 9:4214 provides the procedure for converting the award to a judgment and states, "[t]he judgment so entered shall have the same force and effect ... as a judgment in an action, and it may be enforced as if it had been rendered in an action in the court in which it is entered.”

. The record does not contain any evidence that either party timely filed a motion to vacate the arbitration award pursuant to La. R.S. 9:4210 or a motion to modify or correct the arbitration award pursuant to La. R.S. 9:4211. Thus, because arbitration is favored in Louisiana and arbitration awards are presumed to be valid, we note that the district court would have been required to confirm this final arbitration award if timely petitioned to do so, since the award was never challenged on any of the exclusively-specified statutory grounds for vacation, modification, or correction. See National Tea Co. v. Richmond, 548 So.2d 930, 932-33 (La.1989); Kleinschmidt v. Lanza, 2010-0540 (La.App. 4th Cir.9/15/10), 45 So.3d 1165, 1168; Farmers Cotton Co., Inc. v. Savage, 30,289 (La.App.2d Cir.6/26/98), 714 So.2d 926, 928-29, writ denied. 98-2322 (La. 11/20/98), 728 So.2d 1288.

. Neither the Greers nor Town Construction make any allegations in their pleadings or statements in briefs or argument regarding a district court confirmation of the arbitration award.