DRAKE, J.
|gThe plaintiff/appellant, Harold Asher, in his capacity as succession representative of the Estate of Harold Otis Wright, appeals a final judgment of the district court, which granted a motion for summary judgment and sustained a peremptory exception of compromise and a peremptory exception of acceptance of arbitration award in favor of the defendant/appellee, A.G. Edwards and Sons, Inc. (“A.G. Edwards”), and dismissed the plaintiffs claims, with prejudice. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

In the prior appeal in this matter, the facts of this case were previously set forth by our supreme court in In re Interdiction of Wright, 10-1826 (La.10/25/11), 75 So.3d 893. Harold Otis Wright was paralyzed and incapacitated by a medical accident in 1973. He received damages totaling ap *9 proximately $1.7 million as a result of the ensuing litigation. See Wright v. United States, 507 F.Supp. 147 (E.D.La.1981). Thereafter, his wife, Audrey Wright, filed a petition for interdiction in the Twenty-First Judicial District Court. The court declared Mr. Wright an interdict and appointed Mrs. Wright as his curatrix. In conjunction with the interdiction proceeding, the court issued an order (“1982 Order”), which allowed Mrs. Wright to invest the money from the judgment in long-term bonds. Additionally, the court ordered all interest income be deposited and channeled through a Custodian Account, with the provision “that no portion of the Interdict’s capital estate be withdrawn from any of the said long-range investment accounts, without further and specific orders of this Court.” With the permission of the court, Mrs. Wright established an account with A.G. Edwards through one of its investment brokers, Edwin Reardon.
In 2002, Mrs. Wright filed a petition for damages in the Twenty-First Judicial District Court against several defendants, including Mr. Reardon and A.G. |3Edwards, alleging breach of fiduciary and contractual duties, including violations of securities law. Particularly, Mrs. Wright argued that Mr. Reardon had misappropriated the entire $1.7 million and disbursed the principal from the account, without court approval, from February 1994 to December 2002, thereby violating the 1982 Order. Additionally, Mrs. Wright alleged further violation of the court’s order when Mr. Reardon left A.G. Edwards, went to work for Morgan Stanley Dean Witter, Inc. (“Morgan Stanley”), and took the remaining principal of the account ($700,000) with him to Morgan Stanley. Also, Mrs. Wright contended that A.G. Edwards had failed to supervise Mr. Reardon’s management of the account.
In response, A.G. Edwards filed an exception of prematurity based on the account agreements signed by Mrs. Wright, which called for binding arbitration prior to any judicial action. The parties consented to a stay of all further proceedings in this action pending the completion of arbitration. Mrs. Wright also consented to arbitration of the claim through a National Association of Securities Dealers (“NASD”) Arbitration Uniform Submission Agreement. Thereafter, the district court issued a judgment on the parties’ consent motion to stay the action pending arbitration before the NASD. While the arbitration was pending, Mr. Wright died, thereby terminating the interdiction proceeding. Harold Asher was appointed as the decedent’s succession representative and was substituted for Mrs. Wright in the arbitration.
On November 28, 2005, in a stipulated judgment, the district court rendered judgment against Mr. Reardon in the amount of $100,000, which was to be paid to the plaintiff.[1] The plaintiff also settled with Morgan Stanley on the loss of 14$699,280.75 of trust funds that A.G. Edwards had transferred to Morgan Stanley.[2] The arbiters were advised of the judgment against Mr. Reardon, as well as the amount of the Morgan Stanley settlement. See In re Interdiction of Wright, 75 So.3d at 895. On July 31, 2006, the NASD arbitration panel issued an award in favor of *10 the succession representative against A.G. Edwards, who was “liable and shall pay [to the plaintiff] compensatory damages in the amount of $150,000.00, plus interest at the Louisiana legal rate of interest accruing from December 31, 2003 until the date of payment of the Award.” On August 22, 2006, in compliance with the arbitration ruling, A.G. Edwards forwarded a check to plaintiffs counsel, made payable to the plaintiff in the amount of $180,735.30, representing the amount of the arbitration award, plus judicial interest. Accompanying the check was an A.G. Edwards cover letter, which stated, in pertinent part:
Enclosed please find A.G. Edwards & Sons, Inc.’s check in the amount of $180,735.30 in satisfaction of the award in the above-referenced matter. Pursuant to NASD directives, the award is paid to the Claimants and their attorneys, and A.G. Edwards is required to notify the NASD that the award has been satisfied and complied with.
The plaintiff accepted the check.
In 2008, Mr. Asher filed a motion for contempt of court against A.G. Edwards under Louisiana Code of Civil Procedure article 3611[3] for alleged ^violations of the 1982 Order.[4] In response, A.G. Edwards filed several exceptions, including an exception of res judicata, wherein it contended the NASD arbitration proceeding was between the same parties, based on the same alleged wrongful conduct, and awarded the same damages sought in the motion for contempt of court. The district court denied the exception of res judicata. The First Circuit granted a writ application, reversing the district court’s ruling and dismissing the plaintiffs claims as res ju-dicata. See Interdiction of Harold Wright, 10-0449 (LaApp. 1 Cir. 7/21/10) (unpublished writ action). Particularly, this court stated:
The trial court erred in denying A.G. Edwards and Sons, Ine.’s Exception of Res Judicata The arbitration proceeding was between the same parties, based on the same alleged wrongful conduct, and awarded the same damages sought in Harold Asher’s Motion for Contempt (which we find to be a misnamed petition for damages, given that there was no injunction issued). Therefore, the arbitration award, albeit unconfirmed, is res judicata and precludes Mr. Asher’s suit. See Aucoin v. Gauthier [09-1245 (LaApp. 1 Cir. 2/12/10), 35 So.3d 326, writ granted, 10-0585 (La.6/18/10), 38 So.3d 312.]. Accordingly, the exception is hereby granted, dismissing the claims of Harold Asher against A.G. Edwards and Sons, Inc.
*11 While A.G. Edwards’s writ on the res judicata issue was pending, A.G. Edwards filed a motion for summary judgment on July 13, 2010, arguing that it was entitled to summary judgment, dismissing all claims against it contained in the plaintiffs motion for contempt, because the district court never issued an injunction in this case, and that the compensatory damages sought are unavailable to the plaintiff as a matter of law.
In 2011, our supreme court reversed the decision of the First Circuit on the -res judicata issue, holding that an unconfirmed arbitration award does not have a 1 fipreclusive effect. See In re Interdiction of Wright, 75 So.Sd 898. Following the decision of the supreme court, the plaintiff re-asserted the claims previously set forth in the 2002 petition for damages. In response, A.G. Edwards filed peremptory exceptions pleading the objections of compromise and acceptance of arbitration award.
Following a hearing, the district court granted the motion for summary judgment previously filed by A.G. Edwards, ruling that no genuine issues of material fact existed, and dismissed the plaintiff’s claim for compensatory damages arising from the motion for contempt filed by the plaintiff, with prejudice. The district court also sustained A.G. Edwards’s peremptory exceptions of compromise and acceptance of arbitration award.[5] The plaintiff now appeals the February 27, 2013 final judgment of the district court, which granted A.G. Edwards’s motion for summary judgment and sustained its peremptory exceptions of compromise and acceptance of arbitration award.

LAW AND DISCUSSION

AG. Edwards’s Motion for Summary Judgment

The plaintiff filed his motion for contempt (first in 2005, and re-urged in 2008), in which he sought to recover damages under Louisiana Code of Civil Procedure article 3611 for A.G. Edwards’s violation of a court order issued in an interdiction proceeding prohibiting the disbursement of an interdict’s funds, in addition to the relief sought in the 2002 petition for damages. In response, A.G. Edwards filed a motion for summary judgment, arguing that the plaintiff could not recover damages pursuant to Article 3611 because the district court never issued a |7temporary restraining order, preliminary injunction, or permanent injunction in this case. In his sixth assignment of error, the plaintiff contends that the district court erred in ruling that the 1982 Order issued within Mr. Wright’s interdiction proceeding, which prohibited a broker’s disbursement of the interdict’s trust funds, was not an injunction, subject to the plaintiffs recovery of damages pursuant to Article 3611.
Injunction proceedings are governed by Louisiana Code of Civil Procedure articles 3601-3613. An injunction is an ordinary proceeding in which the plaintiff seeks a permanent injunction compelling the defendant to do an act or barring him from acting. An injunction also includes summary proceedings — the temporary restraining order (“TRO”) and the preliminary injunction — to compel or bar the disputed act, pending a determination on *12 the merits of the ordinary proceeding. La. C.C.P. arts. 3601(C), 3602, and 3603(A). Thus, the TRO and the preliminary injunction may only be obtained as adjuncts to a suit for permanent injunction. See La. C.C.P. art. 3601; Louisiana Livestock Sanitary Bd. v. Johnson, 372 So.2d 585, 591 (La.App. 3 Cir.), writ denied sub nom., 373 So.2d 967 (La.1979). An application for injunctive relief shall be by petition. La. C.C.P. art. 3601(D).
Injunctive relief may be granted in cases where irreparable injury, loss, or damage may otherwise result to the applicant, and in other cases specifically provided by law. La. C.C.P. art. 3601; Green-berg v. De Salvo, 254 La. 1019, 1026, 229 So.2d 83, 86 (1969), cert, denied, 397 U.S. 1075, 90 S.Ct. 1521, 25 L.Ed.2d 809 (1970). Irreparable injury is a loss that cannot be adequately compensated in money damages or is not susceptible of measurement by pecuniary standards. Shaw v. Mingle, 94-1579 (La.1/17/95), 648 So.2d 903, 905.
When injunctive relief is granted, the order or judgment must describe “in reasonable detail ... the act or acts sought to be restrained.” La. C.C.P. art. 3605. The proscribed conduct must be ascertainable from the “four corners” of the |sinjunctive order or judgment, and not by the mere reference to the petition or other documents. La. C.C.P. art. 3605. Violation of an injunctive order may be punished by contempt, by an action for damages, or by compelling the actor to undo any act performed in violation of the injunctive order. Louisiana Code of Civil Procedure article 3611 provides:
Disobedience of or resistance to a temporary restraining order or preliminary or final injunction is punishable as a contempt of court. The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of the violation.
Article 3611 emphasizes the availability of punishment for contempt as a method of enforcing an injunctive order, as opposed to the general provisions on contempt. La. C.C.P. art. 3611, comment (a); see La. C.C.P. arts. 221-227. A contempt of court is defined as any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court, or respect for its authority. Contempts of court are of two kinds, direct and constructive. La. C.C.P. art. 221. Direct contempts of court are those committed in open court and of which it has personal knowledge, while a constructive contempt of court is any contempt other than a direct one. La. C.C.P. arts. 222 and 224. The willful violation of a court order, such as the 1982 Order at issue here, constitutes a constructive contempt of court. See La. C.C.P. art. 224. The punishment that a court may impose upon a person adjudged guilty of contempt of | flcourt is provided in Louisiana Revised Statutes 13:4611.[6] Compensatory dam *13 ages are not part of the punishment that is available for contempt of court under the general codal provisions on contempt or Louisiana Revised Statutes 13:4611. The law is clear that contempt of court is punishable by jail time and a fine of up to $500.
The plaintiff argues that the 1982 Order, as well as other orders issued during the interdiction proceedings, which prohibited the disbursement of principal from Mr. Wright’s estate, are functionally identical to injunctions. The 1982 Order clearly prohibits the disbursement of Mr. Wright’s funds. Although the word “injunction” does not appear in the court’s order, the plaintiff avers that the order’s meaning and purpose are beyond doubt. The plaintiff also argues that there is no authority requiring that injunctions be expressly labeled. Thus, the plaintiff alleges that because the 1982 Order prohibits the disbursement of funds, it is an injunction, and therefore, the plaintiff is entitled to injunctive relief in the form of compensatory damages pursuant to Article 3611. A.G. Edwards argues in its motion for summary judgment that it was entitled to summary judgment because 110the district court never issued an injunction in this case and the compensatory damages sought under Article 3611 are unavailable to the plaintiff as a matter of law.
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. All Crane Rental of Georgia^ Inc. v. Vincent, 10-0116 (La. App. 1 Cir. 9/10/10), 47 So.3d 1024, 1027, writ denied, 10-2227 (La.11/19/10), 49 So.3d 387. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the movant is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(B)(2).[7]
The burden of proof on a motion for summary judgment remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
| nOnce the motion for summary judgment has been properly supported by the moving party, the failure of the non-mov *14 ing party to produce evidence of a material factual dispute mandates the granting of the motion. See La. C.C.P. art. 967(B); Pugh v. St. Tammany Parish School Board, 07-1856 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 97 (on rehearing), writ denied, 08-2316 . (La.11/21/08), 996 So.2d 1113. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Christakis v. Clipper Construction, L.L.C., 12-1638 (LaApp. 1 Cir. 4/26/13), 117 So.3d 168, 170, writ denied, 13-1913 (La.11/8/13), 125 So.3d 454.
A.G. Edwards filed six exhibits in support of its motion for summary judgment, including miscellaneous judicial admissions made by the plaintiff, the plaintiffs 2002 petition for damages, the plaintiffs motion for contempt, the interdiction proceeding orders, including the 1982 Order, the plaintiffs 2003 arbitration “Statement of Claim,” and the arbitration award. In granting A.G. Edwards’s motion for summary judgment, the district court held that the 1982 |12Order was not an order for injunctive relief and adopted the reasons set forth in A.G. Edwards’s memorandum in support of its motion for summary judgment.
Based on our de novo' review of the record, we find that the district court properly granted summary judgment in favor of A.G. Edwards. Pursuant to Louisiana Code of Civil Procedure article 3611 and the general contempt provisions in the Code of Civil Procedure, the law is clear that compensatory damages are not available in a contempt proceeding absent an injunction. Here, no injunctive relief in the form of a temporary restraining order, a preliminary injunction, or a permanent injunction has ever been issued by the district court in this case. Furthermore, the 1982 Order was issued by the district court during Mr. Wright’s interdiction pro-. ceedings and addressed the investment and handling of the proceeds of Mr. Wright’s $1.7 million damages award. At the time the 1982 Order was issued, A.G. Edwards was not a party to the interdiction proceeding, and at no time during the interdiction proceeding did the plaintiff ever seek injunctive relief. Absent an injunction, compensatory damages are not available in a contempt proceeding. The requirements of Louisiana Code of Civil Procedure articles 3601-3613 have not been met; thus, the plaintiff is not entitled to compensatory damages pursuant to Article 3611. This assignment of error is without merit.

A.G. Edwards’s Peremptory Exceptions of Compromise and Acceptance of Arbitration Award

In his petition for damages, the plaintiff sought to recover roughly $1.7 million dollars in damages caused by A.G. Edwards’s breach of contract and breach of fiduciary duty. A.G. Edwards filed peremptory exceptions of compromise and acceptance of *15 arbitration award against the plaintiffs petition for damages, contending that the dispute has been compromised by virtue of the |13parties having signed a pre-dispute arbitration agreement, submitted to arbitration, and exchanged a check in the amount of the arbitration award.
In his first five assignments of error, the plaintiff argues that the district court erred in sustaining A.G. Edwards’s exceptions and dismissing the case on the basis that the parties compromised this dispute. First, the plaintiff contends that the law-of-the-case doctrine precluded the district court from ruling again on the compromise issue. Second, the plaintiff alleges that the district court erred in ruling that the curatrix compromised this dispute because the curatrix lacked the legal capacity to enter into a compromise without court approval. Similarly, third, the plaintiff alleges that the district court erred in ruling that the succession representative compromised this dispute because the succession representative also lacked the legal capacity to enter into a compromise without court approval. Fourth, the plaintiff argues the curatrix did not compromise the dispute by executing a pre-dispute arbitration agreement and/or submission agreement. Fifth, the plaintiff avers the succession representative did not compromise this action by accepting a check from A.G. Edwards because the check was not tendered with the express written condition indicating that acceptance would result in a compromise. See La. C.C. art. 3079.
A settlement or compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071, Cutrer v. Open Range RV Co., 12-2046 (La.App. 1 Cir. 8/13/13), 122 So.3d 1102, 1104. Like any contract, a compromise agreement is formed by the consent of the parties through offer and acceptance. See La. C.C. art. 1927. An acceptance not in accordance with the terms of the offer is deemed to be a counteroffer. La. C.C. art. 1943. A compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached. | uSceroler v. Rancher, 99-2859 (La.App. 1 Cir. 2/15/02), 808 So.2d 803, 809, writ denied, 02-0811 (La.5/24/02), 816 So.2d 849. A compromise shall be made in writing or recited in open court. La. C.C. art. 3072. A compromise is also made when the claimant of a disputed or unliquidated claim, regardless of the extent of his claim, accepts a payment that the other party tenders with the clearly expressed written condition that acceptance of the payment will extinguish the obligation. La. C.C. art. 3079. A peremptory exception is the proper method by which to assert the legal defense of compromise. The preclusive effect of a compromise can be raised in a peremptory exception, under Louisiana Code of Civil Procedure article 927. La. C.C. art. 3080, comment (a).
The plaintiff argues that A.G. Edwards’s compromise argument has already been litigated and rejected by the supreme court. See In re Interdiction of Wright, 75 So.3d 893. However, A.G. Edwards argues that in Wright, the supreme court did not reject the contention that the parties in this matter entered into a compromise because the supreme court did not even take up the issue of whether or not the arbitration award constituted a compromise, such that the parties settled the dispute. We agree.
The supreme court’s opinion represents a narrow holding on the issue of res judicata, as applied to an unconfirmed arbitration award, where the plaintiff brought an action for contempt. The supreme court ruled that an unconfirmed arbitration award is not a “judgment” and *16 was not “rendered by a court.” As such, |1Bit does not qualify as a “valid and final judgment” under the statute[8] and has no res judicata effect. In re Interdiction of Wright, 75 So.3d at 897. Thus, an unconfirmed arbitration award has no preclusive effect and cannot bar suit in a subsequent action between the same parties, based on the same conduct, and awarding the same damages. However, if the submission to arbitration, arbitration award, and acceptance of the arbitration award amount in this matter are viewed in light of the Louisiana Civil Code and Code of Civil Procedure articles on compromise, there is no need to confirm an arbitration award and obtain a final judgment to give preclusive effect to the arbitration award. The result of the arbitration proceeding can have pre-clusive effect if it is effectively a valid compromise, as recognized by Justice Weimer in his dissent. See In re Interdiction of Wright, 75 So.3d at 900-01. Thus, the issue before us is whether or not the parties entered into a compromise.
Here, Mrs. Wright’s account agreement with A.G. Edwards called for binding arbitration prior to any judicial action. Mrs. Wright also consented to arbitration by signing a NASD Arbitration Uniform Submission Agreement, in which she agreed to be bound by the decision of the arbitrators. Following the decision of the arbitration panel, A.G. Edwards sent plaintiffs counsel a cover 11filetter, which stated that the enclosed check in the amount of $180,735.30 was “in satisfaction of the award.” The cover letter also indicated that A.G. Edwards was “required to notify the NASD that the award has been satisfied and complied with.” The remittance invoice with the check designated the check as a “SETTLEMENT.” Upon receipt of the cover letter and cheek, the plaintiff accepted the proceeds of the arbitration award.
The parties consented to arbitrate their claim in order to settle their dispute. Furthermore, the parties consented to a stay of all proceedings in this case, pending the resolution of the claims through arbitration. As demonstrated through the written agreements to arbitrate (the account documents and the NASD Arbitration Uniform Submission Agreement), the parties’ request of the district court for a stay pending arbitration, the decision of the NASD panel, the cover letter and invoice with attached check from A.G. Edwards (indicating “SETTLEMENT”), which represented the arbitration award, it is clear that there was a meeting of the minds in this matter. These documents leave no doubt that the arbitration proceeding was the means by which the Wright estate settled its claims against A.G. Edwards.
As the plaintiff argues, it remains that the defendants could have done more to formalize the arbitration award, such as obtaining a judgment memorializing the award, filing a motion to dismiss the case, *17 or filing a satisfaction and accord and executing a receipt and release. However, it is enough that the parties agreed to arbitrate their claims. Through the consent to arbitrate and acceptance of the arbitration award, the plaintiff compromised his claim against A.G. Edwards, and that compromise may be awarded preclusive effect in this instance. Therefore, in viewing the submission of the claim and acceptance of the arbitration award as a compromise between the parties in this matter, there was no need for a confirmation of the arbitration award in order to give preclu-sive effect to the compromise. These assignments of error are without merit.
117A.6r. Edwards’s Answer to Appeal
Finally, A.G. Edwards answered the plaintiffs appeal to raise several interlocutory rulings, which it claims provide alternate bases for dismissal of the plaintiffs claims should this court reverse the ruling of the district court on A.G. Edwards’s motion for summary judgment and the peremptory exceptions of compromise and acceptance of arbitration award. See La. C.C.P. art. 2133. Based on the foregoing opinion, the arguments contained in A.G. Edwards’s answer to appeal are moot.

DECREE

For the foregoing reasons, the February 27, 2013 final judgment of the district court which granted A.G. Edwards’s motion for summary judgment and sustained its peremptory exception of compromise and peremptory exception of acceptance of arbitration award, is hereby affirmed. All costs of this appeal are cast to the plaintiff/appellant, Harold Asher, in his capacity as succession representative of the Succession of Harold Otis Wright.
AFFIRMED.

. The original amount of the judgment rendered against Mr. Reardon was $1,078,217, plus judicial interest; however, the amount was reduced to $100,000 on stipulation of the parties and the plaintiff's agreement, based upon the sworn testimony of Mr. Reardon that he was unable to pay the amount of the judgment.

. On December 29, 2005, the NASD arbitration panel entered an order dismissing, with prejudice, all claims against Morgan Stanley.

. La. C.C.P. art. 3611 provides:
Disobedience of or resistance to a temporary restraining order or preliminary or final injunction is punishable as a contempt of court. The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of the violation.

. Mr. Asher previously had filed a motion for contempt of court while arbitration was pending (on November 17, 2005). A.G. Edwards removed the matter to federal court. There, the plaintiff filed, in 2006, a motion to modify arbitration award and a renewed motion for contempt of court against A.G. Edwards. The federal district court denied the plaintiffs motion to modify the award. The plaintiff then filed a motion-to remand to state court, where the order was initially issued. The federal district court denied the motion to remand; however, on appeal, the United States Court of Appeals for the Fifth Circuit remanded the matter to the state court, specifically the contempt portion of the plaintiff's motion to modify arbitration award and renewed motion for contempt. See Asher v. A.G. Edwards & Sons, Inc., 272 Fed.Appx. 357 (5th Cir.2008). Following remand, in 2008, Mr. Asher re-urged the motion for contempt of court, which is at issue in the instant litigation. See In re Interdiction of Wright, 75 So.3d at 895.

. In that same judgment, the district court also denied A.G. Edwards’s motion for new trial and rehearing on exception of prematurity, exception of venue, and motion to compel arbitration by A.G. Edwards with incorporated memorandum. The district court denied, as moot, A.G. Edwards's motion to recognize execution of arbitration award or, alternatively, motion to confirm arbitration award and motion to recognize waiver of any objection to confirmation of arbitration award. The district court also denied, as moot, the plaintiff’s motion for contempt of court against A.G. Edwards and Sons, Inc.

. Louisiana Revised Statutes 13:4611 provides, in pertinent part:
Except as otherwise provided for by law:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
(a) For a direct contempt of court committed by an attorney at law, by a fine of not more than one hundred dollars, or by imprisonment for not more than twenty-four hours, or both; and, for any subsequent contempt of the same court by the same offender, by a fine of not more than two hundred dollars, or by imprisonment for not more than ten days, or both;
(b) For disobeying or resisting a lawful restraining order, or preliminary or permanent injunction, by a fine of not more than *13 one thousand dollars, or by imprisonment for not more than six months, or both.
(c) For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act; and
(d) For any other contempt of court, including disobeying an order for the payment of child support or spousal support or an order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.

. Louisiana Code of Civil Procedure article 966 was recently amended by La. Acts 2013, No. 391, § 1, to provide for submission of, and objections to, evidence for motions for summary judgment. These procedural amendments to Article 966 are not implicated in the issues presented on appeal.

. Louisiana Revised Statutes 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1)If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.