## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30827

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2020

Lyle W. Cayce
Clerk

ATAIN SPECIALTY INSURANCE COMPANY,

 Plaintiff - Appellee

v.

SIEGEN 7 DEVELOPMENTS, L.L.C.,

 Defendant - Appellee

v.

ANDREA WARREN,

 Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-850

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

 This appeal involves the owner of a flooded home, the contractor that constructed the home, and the contractor's commercial general liability ("CGL") insurer. The homeowner, Andrea Warren, obtained arbitrator's awards against the contractor, Siegen 7 Developments, L.L.C. ("Siegen 7"), for

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30827

part of her flood damages. Siegen 7's insurer, Atain Specialty Insurance Company ("Atain"), provided its insured, the contractor, a defense in arbitration but reserved its right to deny policy coverage for indemnity of the damages awarded against the contractor by the arbitrator. Following arbitration, a state court rendered judgment for Warren confirming the arbitral awards against Siegen 7.

Atain then brought the present federal court action in the district court for declaratory judgment that it owes only partial indemnification of the contractor's liability as per the arbitrator's awards for the homeowner's flood damages. The district court's final judgment in the present case concludes that Atain's policy affords coverage and indemnity for the arbitration awards for the damage and loss of Warren's movable property inside the flooded house, but excludes coverage or indemnity for damage caused by, or arising out of, Siegen 7's work product, including damage to the residential building itself, as well as damage caused by, or arising out of, the contractor's failure to achieve minimum elevation of the building slab, and damage caused by, or arising out of, Siegen 7's failure to provide positive storm water drainage for the lot, prepare a drainage plan for the house and lot, and comply with the International Building Code regarding drainage and slope adjacent to the house. For the following reasons, we AFFIRM.

## I. Arbitrator's Findings and Award

The flooding of the residence occurred in August 2016 after it was substantially completed by Siegen 7 and after Warren had occupied it in July 2016. The flooding damage to the residence itself, including the floors, walls,

No. 19-30827

and trim, was repaired at an actual cost of $110,053.07; and damage to Warren's personal movable property inside the residence totaled $18,008.47.[1]

The arbitrator made the following findings and awards:

[Siegen 7] failed to achieve the minimum finish slab elevation required by the Contract, some 24.3 [feet]. Actual finish elevation of the slab was 23.8 [feet], some 0.5 [feet] or 6 [inches] low. Had the house been constructed in accordance with the Contract, its interior would not have flooded in August 2016, and no significant flooding damage would have occurred. [Warren] is, therefore, awarded flooding related damages in the amount of **$128,061.54** against [Siegen 7], plus Louisiana legal interest from . . . July 24, 2017, until paid.

[Siegen 7] was required by the Contract as written to provide positive storm water drainage for the lot, prepare a drainage plan for the house and lot, and comply with the International Building Code regarding drainage and slope adjacent to the house. [Siegen 7] failed to comply with the contract as written. [But Warren's] husband, a party to the Contract, orally changed the Contract and deleted certain of the back-yard drainage improvements from [Siegen 7's] Contract scope of work. Oral changes to written construction contracts in Louisiana are enforceable. However, because the exact scope of the work deleted is less than certain, and because the back-yard drainage issues are exacerbated if not caused in part by the fact that the slab was constructed below the contractually required minimum finish slab elevation, which minimum elevation was not changed by [Warren] or her husband, [Siegen 7] shares responsibility for the back-yard drainage problems and must share in the cost of correction. As a result, I find that:

[Warren's] claim for $18,480 for gutters on the house is **DENIED**.

Of [Warren's] claim of $35,950 for back yard improvements including catch basins, downspout tie ins, piping, regrading, re-sodding, and related expenses, [Warren] is **AWARDED** half of the

---

[1] The $18,008.47 loss included certain of Warren's movables in the house, less than three months old, that were replaced at an actual cost of $5,493.47, and several other movables that were damaged so severely as to be lost and had an estimated value of $12,515.

No. 19-30827

estimated costs, or **$17,975** plus Louisiana legal interest from the date of the final award herein until paid.

In the final award dated September 12, 2018, the arbitrator also awarded Warren "$45,657.53 against [Siegen 7] regarding [Warren's] attorneys' fees and costs and an equal sharing of AAA and Arbitrator fees and expenses."[2] Because no party in this appeal challenges or seeks to extend the award of attorney's fees or the state court judgment confirming it, we intimate no view on that subject.

In state court, pursuant to Louisiana Revised Statute 9:4209, the 19th Judicial District Court for the Parish of East Baton Rouge granted Warren a judgment confirming the arbitrator's awards on December 11, 2018. *Warren v. Siegen 7 Devs.*, No. 675,038 (19th JDC, Dec. 11, 2018). A confirmed arbitration award is a valid and final judgment. LA. REV. STAT. § 9:4214; *see In re Interdiction of Wright*, 10-1826 (La. 10/25/11), 75 So. 3d 893, 897-98.

## II. The Present Case

Atain filed its complaint in the present case in the United States District Court for the Middle District of Louisiana against Siegen 7 and Warren, seeking declaratory judgment that it is not obliged to indemnify Siegen 7 for a portion of Siegen 7's liability under Warren's arbitration award judgment. Atain agreed to indemnify Siegen 7 for the amounts awarded to Warren for damaged personal movable property inside the flooded residence ($18,008.47) and for arbitration fees and costs ($2,675), but requested a declaratory judgment that all other damages awarded to Warren—for damage to the residential building itself ($110,053.07) and for damages associated with

---

[2] Atain argued in the district court that it did not have to indemnify Siegen 7 for the attorneys' fees award, and Siegen 7 and Warren opposed Atain's arguments. The court concluded that coverage for the awarded attorney's fees did not attach under the policies and denied all parties' motions for summary judgment on the subject of attorneys' fees. All parties agree that the subject of attorneys' fees is not before us on appeal.

4

No. 19-30827

Siegen 7's failure to prepare a drainage plan for the house and lot, and comply with the International Building Code regarding drainage and slope adjacent to the house ($17,975)—were excluded under the policy.  The district court granted summary judgment in favor of Atain, concluding that it did not have to indemnify Siegen 7 for damage to the residence itself ($110,053.07) or for the arbitration award arising out of  Siegen 7' s failures to provide positive storm water drainage for the lot, to prepare a drainage plan for the house and lot, and to comply with the International Building Code regarding drainage and slope adjacent to the house, as required by its contract with Warren. ($17,975).  Warren and Siegen 7 appeal.

All three parties—Warren, Siegen 7, and Atain—are bound by the state court judgment confirming the arbitrator's factual findings and quantification of the damages awarded.  Atain is not bound monetarily as a judgment debtor, but it is bound in subsequent litigation by the arbitrator's factual findings because it participated in the arbitration by conducting the defense of its insured therein. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 38 (1982); *Souffront v. La Compagnie Des Sucreries De Porto Rico*, 217 U.S. 475, 487 (1910).  Therefore, this federal case essentially calls upon the district court, and this court on appeal, to apply the CGL policy provisions to the facts found and the awards made by the arbitrator that were confirmed by the state court judgment.  Applying the policy provisions to the facts found by the arbitrator as judicially confirmed, we conclude that the district court correctly determined coverage vel non as to each award.

## Discussion

The CGL policy here does not apply to "Damage to Your Product."  That exclusion states that "'[p]roperty damage' to 'your product' arising out of it or any part of it" is not covered.  As relevant here, "[p]roperty damage" is defined in the policy as "[p]hysical injury to tangible property," and "your product" as

"[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by" the insured or others "trading under [the insured's] name."

This exclusion "reflect[s] the intent of the insurance industry to avoid the possibility that coverage under a CGL policy will be used to repair and replace the insured's defective products and faulty workmanship." 15 LA. CIV. L. TREATISE, INSURANCE LAW & PRACTICE § 6:21 (4th ed.). "The CGL policy is not intended as a guarantee of the quality of the insured's products or work." *Id.* (citing *McMath Const. Co. v. Dupuy*, 2003-1413 (La. App. 1 Cir. 11/17/04), 897 So. 2d 677, 682, *writ denied*, 2004-3085 (La. 2/18/05), 896 So. 2d 40)). "Louisiana courts have consistently held that [this] exclusion eliminates coverage for the cost of repairing or replacing the insured's own defective work or defective product." *Supreme Servs. & Specialty Co. v. Sonny Greer, Inc.*, 2006-1827 (La. 5/22/07), 958 So. 2d 634, 643.

The district court concluded that Warren's entire residence was Siegen 7's "product," and therefore "all damages to the [residential building were] excluded from coverage" under the "Your Product" exclusion. Warren and Siegen 7 argue that the district court erred in applying the "Your Product" exclusion to the costs to repair damaged non-defective components of the residence. Essentially, they argue that while the "Your Product" exclusion bars coverage for damage to defective work—like the faulty slab—it does not bar coverage for damages to non-defective work—like damages to the wall, trim, and flooring caused by flooding resulting from the defective slab.

First, the district court did not err in concluding that under Louisiana CGL insurance law cases Warren's entire residence was Siegen 7's "product." *See Provost v. Homes by Lawrence & Pauline, Inc.*, 2012-761 (La. App. 3 Cir. 12/5/12), 103 So. 3d 1280, 1285 (treating an entire home as a "product"), *writ denied*, 2013-0049 (La. 2/22/13), 108 So. 3d 776; *Atain Specialty Ins. Co. v. VIG*

*II, LLC*, No. CV 15-6499, 2017 WL 3867672, at \*6 (E.D. La. Feb. 9, 2017) ("Louisiana courts apparently do not treat products such as the [plaintiffs'] home as real property for purposes of the Damage To Your Product exclusion.") Second, Louisiana jurisprudence does not support Warren and Siegen 7's argument that the "Your Product" exclusion bars coverage only for damage to defective work and permits coverage for damage to non-defective work. We have previously noted that Louisiana courts interpret an exclusion like the "Your Product" exclusion[3] as "unambiguously exclud[ing] coverage for the cost of repairing or replacing non-defective as well as defective components of the insured's work product." *Todd Shipyards Corp. v. Turbine Service, Inc.*, 674 F.2d 401, 422 (5th Cir. 1982) (citing *Franks v. Guillotte*, 248 So. 2d 626 (La. App. 1971)); *see also Provost*, 103 So. 3d at 1280-81, 1285 (holding that exclusion applied because claims for damages were for damage to residence, which was the insured's product); *Vobill Homes, Inc. v. Hartford Accident & Indemnity Co.*, 179 So. 2d 496, 498 (La. App. 3d Cir. 1965), *writ denied*, 181 So. 2d 398 (1966) (holding that similar provision "excluded from coverage any injury to the work-product itself by reason of its own defectiveness" and explaining that cases where "coverage was recognized for personal injuries or damage to property [o]ther than work completed by the insured" were inapposite because they did not "concern[] damages sought for injury to the insured's work-product itself"). And the Louisiana Second Circuit held in *Allen v. Lawton & Moore Builders, Inc.* that "coverage is excluded under the work products exclusion"[4] where damages included the same type of damages

---

[3] The exclusion in *Todd Shipyards Corp. v. Turbine Serv., Inc.* excluded coverage for "property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof."  674 F.2d 401, 420 (5th Cir. 1982).

[4] The "Your Product" exclusion, combined with the "Your Work" exclusion, which excludes coverage for "'[p]roperty damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard,' "are sometimes referred to

alleged here—flooding and structural defects that resulted from a faulty foundation—because "[t]he house and lot are the contractor's work or work product." 535 So. 2d 779, 780-81 (La. Ct. App. 1988).  Against this backdrop of Louisiana jurisprudence, we conclude that the district court did not err in determining that, based on the "Your Product" exclusion, the policy does not provide coverage for damages to the residential building.

The district court also determined that Atain's policy excluded coverage with respect to the arbitrator's award of damages for Siegen 7's "failure to provide positive storm water drainage for the lot, prepare a drainage plan for the house and lot, and comply with the International Building Code regarding drainage and slope adjacent to the house."  The district court correctly applied the "Your Product" exclusion again to conclude that these damages were excluded because they either resulted in injury to Siegen 7's work product or arose out of its deficient work performance. Essentially, that is all that is required to complete the analysis and the ruling that the Atain policy  excluded coverage for the above listed failures of Siegen 7 linked to its lack of compliance with the International Building Code, because they all arose out of the contractor's work and product.

The district court thought it necessary, however, in response to Warren's argument for coverage for the post-flood loss of use of her backyard, due to perpetual sogginess, to apply still another exclusion—the "Damage To Impaired Property Or Property Not Physically Injured" exclusion—to defeat coverage of that particular item.  We see no error in the district court's application of the exclusion, but it needs to be added that, reading the arbitrator's findings in context and in its entirety leads to the conclusion that

---

collectively as the 'work-product' exclusions because they were combined into the same exclusion in earlier policy forms."  15 LA. CIV. L. TREATISE, *supra*, § 6:21.  The policy in this case contained both exclusions.

almost everything discovered wrong with the residential property in the flood was caused by or arose out of the incompetent work of subcontractors that must be attributed to Siegen 7, the general contractor that hired them. Although the arbitrator did not make every connection crystal clear, he indicated repeatedly that the failure to achieve minimum elevation of the building slab was what led to virtually all of the other problems in the flooding. Although the arbitrator didn't expressly say so, it can also be inferred that the slab's lack of elevation and the other problems were due to Siegen 7's failure to fill, grade, and slope the residential property adequately for elevation, storm and drainage purposes and compliance with the International Building Code.

* * *

We conclude that the district court correctly interpreted the policy in this case to require that the damages awards compensating Warren for damage to the residential building itself and for other reparations due to the contractor's deficient work performance were excluded from coverage under the terms of the policy. We therefore AFFIRM the judgment of the district court.